GRICE v. JONES, administrator.

1. When the statute of limitations begins to run, it continues to run, no-withstanding an intervening disability to sue. But if the time limited has not elapsed at the death, one having the right of action, his executor or administrator may sue within twelve months from his death.
2. The slave in controversy, hired to defendant to continue in his service till d manded. A special demand necessary.

The CHIEF JUSTICE delivered the opinion of the Court.

THIS was an action of detinue, brought by Jones, as administrator, for a negro man, of the property of his intestate. The defendant plead the general issue, and the statute of limitations. To this last plea, the plaintiff replied, that the action was not barred at the death of his intestate, and had not been barred since he became administrator. To this replication the defendant demurred. The Circuit Court gave judgement for the plaintiff, sustaining his replication, and Grice assigns this as error.

When the statute of limitations begins to run, it will continue running, although a disability to sue may intervene. But by the equitable construction of the fourth section of the statute of 21 James I. it has been held that, where the action was not barred at the death of the testator, his executor shall be allowed twelve months from the time of his death to commence suit, although the bar would have attached before the year had elapsed. Our statute is similar in its terms, and should receive the same equitable construction. The replication does not shew what time elapsed between the death of the intestate and the institution of the suit; it may have been true, and yet no answer in law to the plea. It ought to have been overruled. [a]

a 2 Gould's Esp. 286, 2 Stark.Ev. 889. 4 Bibb 468. Laws Ala. 460.

By the bill of exceptions, it appears that the defendant prayed the Court to instruct the jury that, if they believed that the slave in question had been hired to him to continue in his service until demanded, a special demand was necessary before the plaintiff could have the right of action; which instruction was refused, and the Court instructed the jury that service of the writ was a

sufficient demand. This matter is also assigned as error.

We are of opinion that, if the slave was hired on these terms, a special demand must precede the right of action, unless the defendant set up an adverse right to the property, disclaiming or inconsistent with the hiring. The judgement must be reversed and the cause remanded.

JUDGE GAYLE not sitting.

THORINGTON, for plaintiff.

H. G. PERRY, for defendant in error.