CUMMINS *vs.* COLGIN.

CUMMINS *versus* COLGIN.*

QUESTION IN THIS CASE.

*The statute of limitations—how affected by previous adjudication.*

1. The 10th section of the act of 1802, "for the limitation of actions," &c.† does not embrace within its letter, or the equity of its construction, a case, where a plaintiff seeks to recover the amount of a promissory note, which, as defendant to a previous chancery cause, (between the same parties,) he had relied on, as. an off-set; but which had been disallowed, and a decree rendered against him.
2. In such case it was held, that notwithstanding the chancery decree professed not to prejudice the right of action on the note; yet it could not restrain the right of the party to the plea of the statute of limitations.

In this case, an action of assumpsit was brought, by the plaintiff in error, in Sumter Circuit Court, against the defendant, administrator of Irby. The cause of action was a promissory note, executed by Irby, in his life-time, to one Comegys, and, by the latter assigned to the plaintiff.

In defence to the action, the defendant pleaded— first, *non-assumpsit;* secondly, that the claim was not presented for payment, within the time prescribed by law; thirdly, *non-assumpsit infra sex annos;* fourthly, *actio non-accrevit infra sex annos.* The plaintiff joined issue upon the first plea; and to the rest replied, specially. .

---

* For the report of the case between the same parties, alluded to, in this cause, see Porter's Reports, vol. 1, p. 148
† Aiken's Digest, page 271, §76.

3 v. P.     50

The replication to the fourth plea, (applied also to the third,) averred, that the said defendant, as the administrator of the said Irby, had exhibited his bill in Chancery against the said plaintiff, as surviving partner of the said Irby, praying a full account of all partnership transactions, existing, beforetime, between the said Irby and the said plaintiff. That among other things, the said plaintiff insisted, in that cause, to have allowed to him, the amount of the note, sued on in this action, as an off-set to the demands of the defendant. And he further averred, that when the said cause in Chancery came on to be tried, the amount of the said note, by the decree of the Chancellor, was disallowed to the plaintiff, upon the sole ground, that the said note went into the possession of the plaintiff, after the filing of the said defendant's bill : that, afterwards, for the purpose of revising supposed errors in the said decree, the same was taken to the Supreme Court, where it was ordered, adjudged and decreed, among other matters, that the decree of the Chancellor below, upon the matter of the said promissory note, should be affirmed ; *but without any prejudice to the plaintiff's right of action, against said defendant, upon said note aforesaid.* And the plaintiff further averred, in his replication, that the said present action was commenced within one year, after the final decree in the Supreme Court was rendered ; and all this he was ready to verify, &c.

To the matters contained in this replication, the defendant demurred ; which demurrer was sustained by the Court, and judgment rendered for the defendant, Colgin.

A writ of error was taken to this Court, and the judgment on demurrer, assigned as error.

*Ellis and Peck* for the plaintiff in error—*Stewart and Thornton, contra.*

HOPKINS, J.—The action in this case is assumpsit on a note. One of the pleas of the defendant is the statute of limitations, to which the plaintiff replied, that prior to the commencement of his action, the defendant had filed a bill in a Court of Equity against him ; that he had sought, in that suit, to obtain the allowance of the note, in abatement of the defendant's demand ; but that, although it was admitted by the decree, which was made in the cause, to be due, it was disallowed, upon the ground, that the plaintiff's right on it could not be enforced, by that Court. That, upon the removal of the cause, into the Supreme Court, by writ of error, the decree was affirmed ; but the latter decree, declared the decree of the Circuit Court, was affirmed without prejudice to the plaintiff's right of action, against the defendant, on the note. The replication contains also an averment, that the plaintiff commenced his action within one year next after the decree of the Supreme Court. On a demurrer to the replication, judgment was rendered for the defendant. It has been contended, for the plaintiff, that his action is maintainable, upon an equitable construction of the section of the statute of limitations, which provides, that if in any of the actions specified in any of the preceding sections of the act, judgment be given for the plaintiff, and the same be reversed by writ of error ; or, if a verdict be given for the plaintiff and,

upon matter alleged, in arrest of judgment, the judgment be given against the plaintiff, then the said plaintiff, his heirs, executors or administrators, as the case shall require, may commence a new action, within one year after such judgment reversed, or given against the plaintiff, and not after.[a]

[a] Aik. Dig, 271

All the actions specified in the preceding sections of the act, are actions at law.

If the prior suit, stated in the replication, had been at law, the action, in this case, is not within the words of the exception. The decree, in relation to the note, which the Circuit Court made, was not for, but against the plaintiff.

The obvious reason, for making the exception, in the statute, was, that the risk, to a defendant, of having the evidence of his defence lost or destroyed, by the lapse of time, could not be much greater, in cases within the exception, than it had been, before the judgment was rendered, which was afterward reversed or arrested. Upon the same reason this Court has determined, that if the bar of the statute, be not complete at the death of one entitled to an action, his executor or administrator shall have a right to it, if it be commenced within twelve months from the time of his death; although the bar of the statute would have been perfect, before the expiration of the twelve months, if he had lived. The case was held to be within the equity of the exception.[b]

[b] 1 Stewart, 254

Years frequently elapse, after the commencement of a suit in Chancery, before its termination—even in a case finally heard, without proof, and dismissed, for want of jurisdiction. The hazard to the evidence of a defence would be greatly increased, by

admitting an action, for a matter that a Court of Equity had previously dismissed, for want of jurisdiction, to be within the equity of the exception; and, to allow it to be so, would often defeat the object of the statute.

We think, if a decree should be made for a complainant, which was afterward reversed by this Court, for want of jurisdiction, in the Circuit Court, of the subject, that the time which elapsed, while the suit was pending, would enter into the bar of the statute, which might be relied on, against a subsequent action at law, for the same thing.

The declaration, in the decree of this Court, that the decree was made, without prejudice to the plaintiff's right of action, against the defendant, on the note, was probably unnecessary. The opinion of the Court, which preceded the decree, showed there was no decision against the justice of the note; and the declaration was intended only as evidence, that there was no such decision. To allow it any other effect, would be to assert power in this Court, or a Court of Equity, to dictate to a Court of law, what judgment it should render on the note.

No Court of Equity has attempted to restrain the defendant, from relying upon his plea. Whether such a Court have power to do so, as was contended by the counsel for the plaintiff, we think it unnecessary now to determine.

If the plaintiff had been prevented, by an injunction, from asserting his right, which is a legal one, at law, the time, during which the injunction was continued, could not contribute to the bar of the statute.

Let the judgment be affirmed.