Corning *v.* Ludlum.

---

### Erastus Corning

*v.*

### James Ludlum and others.

1. The defence of usury under the existing law of this state is not unconscientious.

2. Leave refused, on application to the discretion of the court, to set up the defence of usury in a foreclosure suit, on a mortgage given in New York for a loan made there; the contract being governed by the law of that state.

---

Bill to foreclose. On motion to open final decree, &c., and let a defendant in to answer. On petition and affidavits, and answer to petition.

*Mr. A. Q. Keasbey*, for the petitioner.

*Mr. A. S. Jackson*, *Mr. Oscar Keen*, and *Mr. Amasa J. Parker*, of New York, for the complainant.

THE CHANCELLOR.

The petitioner, Susan Horner, was a party defendant to this suit, and had notice by publication, but did not appear. She was, however, represented therein by her sister, Mrs. Buckingham, who, under the will of their father, James Horner, deceased, is her trustee and guardian of the property thereby given to the petitioner, and the petitioner derives her interest in the mortgaged premises from devise to her by that will. She alleges that she had no notice whatever of this suit until after the final decree was entered therein; that she has lately discovered that she has a lawful and complete defence to both of the complainant's mortgages, which she has in fact had no opportunity to set up in the suit, and of which she had no knowledge until within a few weeks past; that the decree is erroneous and injurious to her interest in the mortgaged premises, because it provides for the sale of the mortgaged premises in parcels; whereas the complainant's mortgage is a second mortgage on the property, and the first mortgage, which is for $10,000, and interest, is upon the whole property, (which is to be sold subject to it,) and that the complainant and the defendant, Ludlum, and another person, are colluding together to effect a sale of the mortgaged premises at a great sacrifice, under the execution issued on the decree. This application differs from that which was made to this court by the petitioner, after the entry of the final decree, only in the allegation of the existence of the newly-discovered defence. That application was unsuccessful here, and the order of this court denying it was affirmed on appeal. *Horner* v. *Corning*, 1 *Stew.* 254. It is, therefore, so far *res adjudicata*. The defence, which the petitioner asks an opportunity to set up, is usury.

She alleges, in her petition, that the mortgages of the complainant were made in New York upon usurious contracts, and that they are therefore, under the law of that state, absolutely void, and should be decreed to be so in this state. In order to entitle her to the relief which she seeks on this petition she must show that she has an equitable and meritorious defence. *Horner* v. *Corning, ubi supra.* The defence of usury under the existing law of this state is not unconscientious. *Conover* v. *Van Mater,* 3 *C. E. Gr.* 481; *Wagner* v. *Blanchet,* 12 *C. E. Gr.* 356. The defence which the petitioner asks leave to interpose against the complainant's mortgage is so. She cannot, therefore, have leave to set it up. It is alleged that one of the parties in interest, Mrs. Ludlum, has not had notice of this application. I will not, therefore, dispose of the objection made to the final decree and execution, on the ground that the property is to be sold in parcels subject to a mortgage covering the entire premises. On notice to Mrs. Ludlum, the question as to the amendment of the decree and execution in that respect, will be considered.