# Mitchell *v.* Dillard & Jones.

*Action on Account, Seeking to hold Wife's Separate Estate*
*Liable for Necessaries.*

1. *Maintenance of wife; liabilities for her debts.*—It is the husband's duty to maintain his wife according to her station in life; and he is chargeable for debts contracted by her for necessaries during coverture.

2. *Necessaries; consideration fixing liability on separate estate.*—It is not the agency by which the contract is made, but the consideration which created the liability of the husband at common law, which now fixes the liability of the separate estate for necessaries.

3. *Same; character of articles furnished.*—No matter by whom the contract is made, or what representations led to it, liability can not be fixed upon the wife's statutory estate, unless the articles furnished are such as the necessities of the family require, and are appropriated to the use of the family.

4. *Same; prima facie charge on separate estate.*—A contract for necessaries made by either husband or wife, is *prima facie*, a charge on the wife's statutory estate, and the presumption must be repelled when the liability is denied.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. McCALEB WILEY.

This action was brought by Dillard & Jones, copartners,, against C. W. Mitchell and wife, for goods, wares, and merchandise, or family necessaries, valued at about three hundred and forty dollars, alleged to have been sold and delivered; to said C. W. Mitchell at his special instance and request; and it is sought to hold the wife's separate statutory estate in payment therefor. The plaintiffs introduced evidence showing that the defendant, C. W. Mitchell, bought of them a certain bill of goods, consisting mostly of groceries. That said Mitchell came into their store, and said that he wanted something for himself or his family, witnesses were not certain which, but their best recollection was that he wanted them for his family, Defendant, Elizabeth Mitchell, was not present at any time when any of the goods were purchased. Defendants' attorney moved the court to exclude the declarations made by C. W. Mitchell, and instruct the jury that they were not evidence against the wife, which motion the court overruled, and the defendants excepted. C. W. Mitchell testified that he bought the bill of goods introduced by plaintiffs, and that he told plaintiffs that he wanted the goods for himself, and denied that he said he-

wanted them for his family; that it was possible that some of the things were so *used*, but did not think they were. The plaintiffs then introduced evidence tending to show that all of the articles bought by defendant were such as are generally bought for the comfort and support of a household. The court charged the jury that if they "believe from the evidence that there was an agreement or contract between the defendant, C. W. Mitchell as trustee 'for his wife, Elizabeth Mitchell, and the plaintiffs, that the plaintiffs should furnish to the said defendant, for the use of his family, the articles specified in the account sued on, and at the prices therein named, and that the plaintiffs did furnish said articles for that purpose, then for such of the articles as were articles of comfort and support of the household, suitable to the degree and condition in life of the family of the defendants, the separate estate of the defendant, Elizabeth Mitchell, described in the complaint, is liable, and the plaintiffs are entitled to recover the value of such articles, notwithstanding such articles were not used for the comfort and support of said household." Defendant, Elizabeth, excepted to the charge so given, and then asked the court to give the following charge in writing: "That the wife is not estopped by any act or declaration of the husband not made in her presence, and of which there is no evidence showing that such declarations or acts were not brought to her knowledge," which charge the court refused, and defendant excepted. These, and other rulings of the court, the defendant now assigns as error.

H. C. TOMPKINS, and NORMAN & WILSON, for appellants. 1. The court erred in admitting the declarations of defendant, C. W. Mitchell. They were not material in any view of the case. C. W. Mitchell was liable, regardless of the purpose for which the goods were purchased; therefore his declaration of the purpose for which the goods were purchased was not material as against him, and clearly not relevant as against his wife.—*Hussey v. Elrod,* 2 Ala. 339; *Perry v. Graham,* 18 *ib.* 822; *Jordan v. Hubbard,* 26 *ib.* 433; *Barker v. Coleman,* 35 *ib.* 221.

2. The charge given is full of error. It asserts that the husband, as trustee, could, by making a contract, bind the wife, while under the statute the wife's liability is created by the fact that the goods contracted for are for the use of the family. The relationship of the husband as trustee gives to him no right to bind the wife's estate; in truth, the wife's

[Mitchell v. Dillard & Jones.]

liability does not grow out of a contract, but out of the fact that the goods are for the comfort and support of the household.—R. C. § 2376.   Again, the charge is erroneous in submitting to the jury to determine what are necessaries, when the court should itself have determined this, it being a question of mixed law and fact.   A portion of the articles are declared by law not to be of this character.—*Durden v. McWilliams*, 31 Ala. 438.

J. N. ARRINGTON, *contra.*—1. To enable the plaintiffs to recover they were not bound to see that the articles sold to the husband of the appellant were applied to the use of his family.   It is sufficient if they were furnished for that purpose.—See Revised Code, § 2376 (1987) ; *Field v. Schieffelin*, 7 Johnson's Chancery Rep. p. 150.

2.   The declarations of Mitchell at the time he purchased the articles were admissible in evidence as part of the *res gestæ.*—*Pulliam, Wills, Rankin & Co. v. Newberry*, 41 Ala. 168.

3.   The charge asked by the appellant is abstract.   It was not contended by the appellants that she was so estopped, nor had the court so charged, nor was there any evidence of such an estoppel offered—then it was a mere legal proposition that had no application to the case.

BRICKELL, C. J.—1. The duty of the husband is to maintain the wife according to his station in life.   If during cohabitation she contracts debts for necessaries, without his express authority, he is chargeable with their payment.   For ordinary purchases, assent on his part is presumed—but if dissent was shown, and an absolute necessity for the purchase existed, the husband's liability would result from the duty of maintenance, the law imposes.—2 Kent, 132; *Hughes v. Chadwick*, 6 Ala. 651 ; *Zeigler v. David*, 23 Ala. 129.

2.   Notwithstanding the statutes divesting the husband's common law rights to the property of the wife, converting it into her separate estate, the duty of the husband to maintain the wife, and his liability for necessaries furnished her, is not lessened.   The statutory separate estate is chargeable with them, not in exoneration of the husband's liability, but that they may be secured to the wife and her family, though the husband is without credit, or the ability to procure them. It is not the *agency by which the contract is made, but the consideration*, which created the liability of the husband at common law, and which now fixes the liability of the separate estate.—*Durden v. McWilliams*, 31 Ala. 438.

3. What are necessaries with which the husband is chargeable, or "articles of comfort and support of the household," from which the wife's statutory estate is liable, is a question of fact rather than of law. Food, raiment, medicines, medical assistance, and habitation, comporting with social position, and the husband's fortune, or the extent of the statutory estate, are within the liability.—*Eskridge v. Ditmars*, 51 Ala. 245. The representations of the wife when making the purchases is not material in determining whether the husband's assent to her purchases shall be presumed, or a necessity for the purchase exists, authorizing it against his dissent. Nor are the representations of the husband, that the purchase is for the household, material in determining the liability of the statutory estate. It is the thing purchased, its suitableness to supply the necessities of the household, considering the position of the family, the husband's fortune, or the value of the statutory estate, that is material. We cannot perceive that any injury could have resulted to the appellants from the introduction of the husband's representations, that he was purchasing for the use of the family. They were immaterial, and the liability of the statutory estate was not deduced from them, but from the character of the articles purchased.

The charge given is involved and obscure. If, as a part of the charge indicates, it was intended to assert the statutory estate was chargeable, because the contract was made by the husband as trustee, it would be erroneous. The husband as trustee, is without authority to create a charge on the wife's estate. The liability of the estate can not be created merely by his act, admission, or promise. The consideration of the contract must be necessaries for the household, and to render such contract a charge on the estate, as we have already said, it is not material, whether husband or wife is the active agent in making it. When the charge is considered as a whole, the proper construction of it, is, that the wife's estate is liable for necessaries purchased by the husband, for the use of the family, though they may not have been used for that purpose. If there be error in the instruction, it lies in the assertion of the liability of the wife's estate, though the articles purchased did not come to the use of the household, and this seems to us erroneous.

The liability of the wife's estate is strictly statutory, imposed by statute, and is clearly defined—it is for contracts "for articles of comfort and support of the household." So far as the wife, and her rights of property are affected, the

[Mitchell v. Dillard & Jones.]

liability is involuntary, and compulsory. She is as incapable of dissenting from, as she is of assenting to the contract. The support of the household, its comfort and maintenance, corresponding to the degree and condition in life of the family, is the purpose of imposing on the wife's estate a liability she is without agency in creating. The liability in its nature and character, and the purposes of its creation, and by the words of the statute, is analogous to the involuntary liability of the husband at common law, for necessaries supplied his family. For the wearing apparel of the husband, for no purchase or contract for his individual use, is the liability imposed. It is only "for articles, which, in their nature, are used in common, and which are necessaries of the household in its collective capacity, the separate estate of the wife is chargeable."—*Durden v. McWilliams*, 31 Ala. 438. The articles may be necessaries, may be suitable to the degree and condition in life of the family, and may be purchased by husband or wife, yet if they are not used, or do not come to the use of the family, they are not articles of *comfort and support of the household*, and the liability of the wife's estate does not arise: A sale of them to the husband may have been made, on his representation that they were intended for such use. But his representation, or engagement, can not involve in liability his wife's estate. He is disabled from making any contract, or incurring any which of itself fastens a liability on the estate. Freedom from liability for his debts or engagements, is one of the most important ends the statute was intended to accomplish. The creditor who relies on his representations, if disappointed, because the articles are not necessaries, the family being already supplied with such articles, or because not appropriated to the uses of the family, is subjected to no other or greater hardship than if he had, on any other misrepresentation, extended credit. If the mere contract of the husband, without regard to the necessities of the family, or an appropriation of the articles to the use of the family, could fasten a liability on the wife's estate, he would be armed with the power of ruining it. The exemption from liability for his debts and engagements would be vain, if his power to charge it by contracts was unlimited. If not circumscribed to such contracts as really supply the necessities of the household; if the wife could, by her contracts for things in themselves necessaries, yet for which the support and comfort of the household may not demand purchases, involve the estate in liability, the estate could be embarrassed, the rights of the

[Mitchell v. Dillard & Jones.]

husband as trustee defeated, and he shorn of all authority and discretion in the control and regulation of the domestic expenditures.  It is not that articles purchased are of the kind the necessities of the family may require which fixes liability on the wife's estate; concurring with that fact, must be the fact that they are appropriated to the uses of the family, or pass into the household to be so appropriated.

An element of the liability of the wife's estate, is the liability of the husband alone at common law—the involuntary liability which the common law imposed on him for necessaries furnished his family—a liability the wife could create by her purchases, or a stranger by supplying the wants of the wife or family.—*Durden v. Mc Williams, supra; Punch & Duggan v. Walker,* 34 Ala. 494.  From cohabitation, the presumption is, the wife has authority to charge her husband by contracts for necessaries.  The presumption is repelled, if it is shown the husband has adequately supplied the wife's necessities.—2 Bright Hus. and Wife, 9, § 13; *Seaton v. Benedict,* 5 Bing. 28.  So if husband and wife separate, and he secures to her maintenance according to his fortune, he is not responsible for necessaries supplied her by others. *Baker v. Barney,* 8 Johns. 72; *Moot v. Cornstock,* 8 Wend. 544; *Kimball v. Keyes,* 11 Wend. 33; *Cary v. Patton,* Ashmead, 110.

The prevention of family suffering from the neglect of the husband, is the foundation of the involuntary liability fastened on him.  On a similar foundation rests the liability imposed by the statute on the wife's estate.  The meritoriousness of the consideration of the contract—the contribution to the support and comfort of the household, creates the liability. These do not exist, if the articles purchased are not applied to the use of the family.

4.  A purchase by the wife of necessaries, during cohabitation, is *prima facie* binding on the husband, and on him rests the *onus* of repelling the presumption.—2 Bright on Hus. and Wife, 11, § 29.  A contract for necessaries, made by the husband or wife, is *prima facie* a charge on the wife's estate, and the presumption must be repelled if the liability is denied.  When it is shown the articles did not come to the uses of the family—were not, in fact, applied " to the comfort and support of the household," the presumption is repelled. Then, whether the contract is made by husband or wife, or by them jointly, it imposes no charge on the wife's statutory estate.

The Circuit Court erred in the charge given, and for the error, judgment must be reversed and the cause remanded.