# Wright *v.* Strauss & Co.

*Action at Law to subject Wife's Statutory Separate Estate to payment of Debt contracted for Articles of Comfort and Support of the Household.*

1. *When sale of goods complete in this State.*—Where goods are purchased in this State, the sale is here complete, although, in pursuance of instructions given by the purchaser, they are shipped to him at his domicil in another State.

2. *Statute giving effect to the bar of the statute of limitations of another State construed.*—The statute giving effect to statutes of limitations of other States (Code of 1876, § 3237) has reference only to contracts made, or to acts done in another State, and can not be extended to contracts made within this State, although, at the time of making the contract, and continuously to the institution of the suit, the party to be charged had his domicil in another State.

3. *Same.*—Hence, the statute has no application to an action brought against husband and wife to subject the wife's statutory separate estate to the payment of a debt contracted for articles of comfort and support of the household, etc., where the husband and wife, at the time the articles were purchased, and continuously to the time of the commencement of the suit, resided in another State, and purchased goods in this State, which, by their instructions, were sent to them at the place of their domicil, the sale being complete within this State.

4. *Statute of limitations; exception against parties absent from State construed.*—The saving of the statute of limitations on account of absence from the State (Code of 1876, § 3234) is confined, by its terms, to the *personal* absence of the party sought to be charged from the State; and hence, the continued absence of husband and wife from this State, and residence in another State will stop the running of the statute as against the liability of the wife's statutory separate estate for articles of comfort and support of the household, etc., although the proceeding for the enforcement of such liability is a proceeding *in rem*, and provision is made by statute for service on both husband and wife by publication.

5. *Wife's statutory separate estate; liability of, for necessary articles of*

[Wright v. Strauss & Co.]

*clothing for minor children at school.*—The wife's statutory separate estate is liable for necessary clothing for her minor children, purchased by the parents, and shipped to them while they were temporarily absent from home at school.

APPEAL from Greene Circuit Court.

Tried before Hon. WM. S. MUDD.

This was an action under the statute by Strauss & Co. against John V. Wright and Georgia H. Wright, his wife, to subject certain lands situate in said county, particularly described in the complaint, and belonging to Mrs. Wright as her statutory separate estate, to sale for the payment of an account for goods, wares and merchandise, alleged to have been articles of comfort and support of defendants' household, etc.; and was commenced on 6th December, 1880. The defendants being non-residents of this State, residing in Tennessee, service on them was made by publication. They appeared by attorney and pleaded (1) the general issue, (2) the statute of limitations of three years, (3) the statute of limitations of six years, and also the following special pleas : (4) "At the time the said account was contracted, and ever since, defendants resided, and had their home and domicil in the State of Tennessee, and the statute of limitations of said State of Tennessee is, in substance, that actions on open accounts and accounts stated are barred, if not commenced within six years after the cause of action accrued ; and defendants aver that the contract made, or act done, which fixed the liability of the separate estate of the defendant, Georgia H. Wright, was made or done in the State of Tennessee ; and the said demand is barred by said statute of limitations of Tennessee of six years." And (5) "that the articles sued for were articles of dress furnished defendants' infant children, while temporarily absent from home, at school at a seminary many miles distant from the place of defendants' residence, which articles were shipped to said children by plaintiffs, on orders of defendant, John V. Wright, from Mobile, Ala., and were of such character as were suitable to the degree and condition in life of defendants' family, and for which said John V. Wright was responsible at common law." On the first plea the plaintiffs joined issue, and to the second, third and fourth they replied, "in short, by consent, that the goods in the account sued on were sold by the plaintiffs in Mobile, Ala., where they were doing business, to defendant, John V. Wright, and shipped to him, by his order, in the State of Tennessee, and there received by him ; and plaintiffs aver that, at the time said goods were sold as aforesaid, said defendant resided with his said wife and family in the State of Tennessee, and has continuously resided there ever since." To the fifth plea the plaintiffs demurred, and their demurrer was sustained.

[Wright v. Strauss & Co.]

The defendants demurred to the plaintiffs' replication to the second, third and fourth pleas, but their demurrer was over-ruled. The cause was tried on the issues thus made up, the trial resulting in a verdict and judgment for the plaintiffs, from which the defendants prosecuted this appeal.

As recited by the bill of exceptions, "the plaintiffs introduced evidence tending to show that, during the years 1871 and 1872, and continuously since then to the present time, the defendants were husband and wife, and had minor children, and resided at Columbia, in the State of Tennessee; and that the wife, the said Georgia H. Wright, owned as her statutory separate estate under the laws of Alabama, at the time the debt was contracted, and continuously until now, the lands set out in the complaint; that during the said years, 1871 and 1872, the plaintiffs, who resided and did business as merchants in Mobile, Alabama, sold to the defendant John V. Wright, on orders received from him, and partly on orders from Mrs. Georgia H. Wright, goods to the amount claimed in the complaint, which yet remains unpaid; that said goods consisted mostly of articles of wearing apparel for the use of the said Georgia H. Wright and her children, Mrs. Wright using some of said articles exclusively, and individual children of defendants using others, those used or worn by one not being used or worn by the others; that said goods were shipped by plaintiffs from Mobile, in part, to the said John V. Wright, at Columbia, Tenn., and, in part, to certain children of defendants, who were, at the time, attending a boarding school in some town or city in Tennessee, distant from Columbia, where defendants resided. There was also evidence tending to show that said goods were suitable to the degree and condition in life of the defendants' family, and were such as the husband, John V. Wright, was responsible for *in invitum* at common law; and that said Wright and wife, in 1873, were called on by plaintiffs, at their residence in Columbia, Tenn., and acknowledged the receipt of said goods, and expressed themselves as pleased with the goods, and promised to pay for them. There was no evidence that the defendants and their children, or any of them, kept house, or lived together at the time said goods were sold; nor was there any evidence on the subject, except that, when the goods were sold, said Wright and wife resided at Columbia, Tennessee, and one or two of their children were off at school. It was admitted that the statute of limitations of the State of Tennessee was correctly set forth in defendants' special plea, numbered 4. This was all the evidence in the cause."

The court charged the jury, *ex mero motu*, as follows: 1. "If the wearing apparel sold by plaintiffs to the defendants

[Wright v. Strauss & Co.]

was purchased partly for the separate and individual use of the wife, and partly for the separate and individual use of the infant children of said defendants; and the articles purchased for the wife were suitable only for her use, and were used by her separately and individually, and the articles purchased for the children were suitable for them individually and were used by them separately and individually, and were not such as could be used by them collectively, the separate estate of Mrs. Wright would be liable for such articles, if they were such articles as would be suitable to the degree and condition in life of defendants' family, and such as the husband, the said John V. Wright, would be responsible for at common law." 2. "If the infant children of the defendant, John V. Wright, and his wife were temporarily absent from home, attending school at a distant point, they nevertheless remained a part of the defendants' household, and the statutory separate estate of Mrs. Wright, if liable at all, would be liable to the same extent for the goods used by said children, as if said children had remained under the paternal roof, and had used the articles furnished them, while actually dwelling under the paternal roof." 3. "If the defendant, John V. Wright, was the head of a family, having a wife and infant children, and they lived together as one family, and his said wife and children were dependent on said defendant for their support and maintenance, the family relation, thus created, would constitute a household within the meaning of the statute, although the said defendant may not have kept a separate house, but have boarded, with his family, in a house kept by another." 4. "If the goods in the plaintiffs' complaint mentioned were sold by the plaintiffs to the defendant, John V. Wright, in the city of Mobile, Ala., and were forwarded to the defendant in the State of Tennessee, pursuant to his order and instructions, and said defendant, at the time said goods were purchased by him, lived and resided with his family in the State of Tennessee, and has continuously resided in Tennessee from that time down to the present, then the statute of limitations of Tennessee would be no bar to this action, although the goods were used by the family of the defendant in the State of Tennessee, and not in the State of Alabama." To each of these charges the defendants duly excepted.

The defendants also reserved exceptions to the refusal of the court to give the following charges requested by them in writing: 1. "That it is only for articles, which, in their nature, are used in common, and which are necessaries of the household in its collective capacity, the separate estate of the wife is chargeable." 2. "If the jury believe from the evidence, that a part of the articles which constitute the plaintiffs' ac-

[Wright v. Strauss & Co.]

count, were furnished to a child or children of the defendants, while said child or children were away from home, attending a boarding school, and that said school was situated some distance from defendants' home, then the said child or children did not constitute a member or members of the household of defendants, and plaintiffs can not recover for the amount so furnished said child or children." 3. "It devolves upon the plaintiffs to prove that the defendants had a *household*, that is to say, they kept house, or kept up, as their home, a domestic establishment, at the time the goods were furnished." 4. "Articles furnished for individual members of the family for the exclusive use of the respective members, for whom the same were purchased, do not constitute a charge on the wife's separate estate." 5. "That the liability of Georgia H. Wright's separate estate for the payment of the demand sued for, did not arise until the goods reached the household; and the defendants' household being in Tennessee, when the goods reached it, the act done, which fixed the liability of the separate estate, was done in Tennessee, and, if more than six years elapsed since the demand was due, before the bringing of the suit, the said demand, as to said Georgia H. Wright, is barred by the statute of limitations of Tennessee of six years."

The rulings above noted are here assigned as error.

HEAD & BUTLER, for appellants. (1) Under the evidence the "act done" which fixed the liability of the separate estate of Mrs. Wright, was necessarily done in the State of Tennessee. *Mitchell v. Dillard & Jones*, 57 Ala. p. 321, cited and discussed, and applied to this case. Under this authority, the liability of the wife's estate can only arise the moment the goods *pass into the household*, to be appropriated to the uses of the family. At that moment of time and no sooner, and at the door of the household, and at no other place, can an *act be done*, or an event transpire, which fixes the liability. If the goods had miscarried, after shipment from Mobile, there could certainly have been no liability on the wife's estate. It seems legally impossible for a *contract* to be made, or *act done* within the limits of Alabama, which would create a liability on the estate of a wife, whose household was, at the time, in Tennessee, under the statute under consideration. In *Lee v. Campbell*, 61 Ala. 12, it is held that the statute barring actions on open accounts applies; and this defense the wife can make, though the husband has given his note for the debt. Even the wife herself can not, by a contract or promise, impair the running of the statute.—*Moore v. Leseur*, 18 Ala. 606; *Bumgardner v. Taylor*, 28 Ala. 687. It seems, therefore, that section 3237 of the Code applies, and that the plaintiff's demand was barred by the statute of limitations

[Wright v. Strauss & Co.]

of Tennessee. (2) The statutes of Alabama of three and six years are also pleaded. This is a proceeding *in rem*. The suit must have been brought in Greene county, where the lands lie. More than three years before suit was brougnt, an act was passed, providing a mode of service on, or notice to non-residents in such cases.—Code, § 2711. Under this proceeding, a complete and final judgment may be rendered against the husband, and the wife's estate. It is, therefore, insisted that section 3234 of the Code should not apply to Mrs. Wright. The suit is against her land, and not against her. (3) The liability of the wife's separate estate is statutory; and the statute must be strictly construed. "It is only for articles, which, in their nature, are *used in common*, and which are necessaries of the *household in its collective capacity*, the separate estate of the wife is chargeable;" and not for articles for an individual who may constitute *one member* of the household.—*Durden v. Mc-Williams*, 31 Ala. 438; *Mitchell v Dillard*, 57 Ala. 317.

H. M. JUDGE and E. MORGAN, *contra*. (1) The court properly overruled the demurrer to the replication to the second, third and fourth pleas.—Code of 1876, § 3234; 1 Stew. & Port. 38. (2) Sending a child from home to school can not so sever it from the family as to exempt the statutory separate estate of the wife and mother from liability for necessary clothing, furnished it at the request of parents. (3) If nothing is a charge on the wife's separate estate, except what is "used in common by the household in its collective capacity," every article of apparel in the family must be worn in turn by the different members of the household, without reference to fit or figure. So of food and medicine. Such a construction is too narrow. (4) The word *household* evidently means family. In speaking of the household, we refer to the inhabitants, not to the habitation. The latter may be destroyed, but the household—the family—in its relations of husband and wife, and parent and child, with the duties, necessities and dependencies growing out of those relations, exists in its fullness and force, without regard to locality or surroundings. These necessities and obligations; attaching to the family relation, the law recognized and provided for in fixing a liability on the separate estate for necessaries. It is absurd to say that the separate estate is liable for necessaries only so long as the family live in a house, when the necessity for food and clothing exists without any reference to house or other shelter. (5) The goods were bought and sold in Mobile, Alabama, and the contract is sued on in Alabama, the defendants residing all the time in Tennessee. The statute of limitation of Tennessee did not, therefore, apply.—See *Jones v. Jones*, 18 Ala. 250.

[Wright v. Strauss & Co.]

BRICKELL, C. J.—1. The sale was complete within this State, though in pursuance of instruction the goods were sent to the domicil of the husband and wife in Tennessee. The title to the goods passed by the sale; and the risk of accidents in the course of transportation to the domicil of the buyers was their risk, and not that of the sellers.

Every contract for articles of comfort and support of the household, suitable to the degree and condition in life of the family, of itself, by force of the statute, creates for its payment a *prima facie* liability upon the statutory separate estate of the wife; as by the common law the contract of the wife, during cohabitation, for necessaries imposes a *prima facie* liability upon the husband.—*Mitchell v. Dillard*, 57 Ala. 317. If there be facts or circumstances which would repel the presumption of liability, in either case, the burden of proving them rests upon the party asserting their existence.—*Mitchell v. Dillard, supra.* The contract being complete within this State, there is no room for the operation of the statute of limitations of Tennessee. The general rule of the common law was that, as to personal contracts, statutes of limitations were directed against the remedy, and did not affect the validity of the contract. Therefore, if a contract was made in one State, and was there to be performed, and remedies for its enforcement were pursued in another State, the statute of limitations of the place of suit would govern, though the statute of the State in which the contract was made, and was to be performed, had operated a bar.—*Jones v. Jones*, 18 Ala. 248. The Code changes this rule of the common law to this extent, that if a contract was made or an act done in another State, of which the party to be charged is a resident, and of which he continues a resident, until by the law of the State an action is barred, the bar shall be applied to an action in this State, founded on the contract, or for the doing of the act.—Code of 1876, § 3237. The statute has reference only to contracts made, or to acts done in another State, and can not be extended to contracts made within this State, though at the time of making the contract, and continuously to the institution of the suit, the party to be charged had his domicil in another State.—*Minniece v. Jeter*, 65 Ala. 222.

2. The remedy for the enforcement of a contract for articles of comfort and support of the household, when the purpose is to subject the statutory separate estate of the wife, is prescribed by the statute. It is an action at law against the husband alone, or against the husband and wife jointly. If the action is against the husband only, and judgment is obtained, upon which an execution is returned not satisfied, the court in which the judgment is rendered, may, on motion, of which the wife had notice, order her separate estate to be sold for the satisfaction of the

[Wright v. Strauss & Co.]

judgment. The notice of the motion may be given by publication, if the wife resides out of the State. When the suit is against husband and wife jointly, if either or both of them reside out of the State, notice may be given by publication. Code of 1876, §§ 2711–12. The judgment which is rendered against the husband is personal; while that which is rendered as to the wife is not personal. Whether it is rendered in the joint suit against her and the husband, or after judgment against him when sued alone, on motion to the court, it is a judgment *in rem*—a judgment of condemnation of her statutory estate, affecting and binding only the property mentioned in it, and not other property, though it may form part of the estate subject to the statutory liability.—*Ravisies v. Stoddart*, 32 Ala. 599. It is insisted that as the appellants were subject to suit by publication, and that the suit is, as to the wife, a proceeding *in rem*, their continuous residence in another State will not prevent the statute of limitations of this State from operating a bar. We can not yield assent to the proposition. The uniform construction of the statute of limitations has been, that it is only *personal* presence within the State, subjecting the party to the *personal* service of process, which will put in operation, or keep the statute alive.—*Smith v. Bond*, 8 Ala. 388; *State Bank v. Seawell*, 18 Ala. 616; *Crocker v. Clements*, 23 Ala. 296; *Huss v. Central Railroad and Banking Company*, 66 Ala. 472. The saving of the statute is confined in its terms to the personal absence from the State of the party sued or liable to suit. Code of 1876, § 3234. In this respect it differs from the statutes of some of the other States, the savings of which do not extend to parties absent, yet having property within the State. The existence of property in the State, which may be reached by attachment, or by other extraordinary process, or the existence of statutes authorizing the commencement of suit by constructive notice, can not enlarge the statutory exception. The savings or exceptions of the statute can not be enlarged or narrowed by implication or intendment.—*Harwell v. Steele*, 17 Ala. 372. Non-residents of the State have been subject to suit in equity by publication for a long period. It has never been supposed that when sued, they could invoke the bar of the statute of limitations, as if they were and had been resident citizens of the State, claiming exemption from the saving of the statute because of residence without the State.

3. The purpose of the statute in fixing a liability upon the statutory estate of the wife for articles of comfort and support of the household, as has been often said in this court, is to secure to the wife and children necessaries suitable to their condition in life, though the husband may not be of ability to furnish them. It is for the family collectively, as composed of wife

[Simmons v. Simmons.]

and children legally dependent upon the husband for support and maintenance, the statute intends making provision.—*Durden v. McWilliams*, 31 Ala. 438 ; *Eskridge v. Ditmars*, 51 Ala. 245. The temporary absence of the children in minority from the home of the father and mother does not change their condition of legal dependence—does not lessen the duty to maintain them devolved by the common law upon the father, or the statutory liability of the estate of the mother correspondent to, and co-extensive with the common law duty of the father. The temporary absence works no change whatever in the relations of the children—they continue members of the family, and owe to the parents the same duties which are owing while in person present with them under the same roof. Such of the goods as were purchased by the parents, and supplied to their minor children absent from home at school, were as essentially applied to the uses of the family, as if they had been supplied to the children at home. For such purchases, the estate of the wife is liable to the same extent, that it would have been liable, if the children had been at home.

The judgment of the circuit court is affirmed.