ADAMS, Justice.
Plaintiff-appellant, Eugene Morton, suffered a heat stroke on July 23, 1983, while working at his place of employment. Morton filed a co-employee negligence suit against the defendants-appellees, Lester Jones, Pat Sewell, and Frank Langham, on July 26, 1984. All three defendants were domiciled in this state and were Alabama residents at all times germane to the issue presented in this appeal.
The filing of the complaint on July 26, 1984, was Morton’s first attempt to commence an action against these defendants. Morton requested and received service by certified mail.
Defendants moved for summary judgment, contending that Morton’s complaint was filed after the expiration of the applicable one-year statute of limitations found at Code 1975, § 6-2-39.[1] The trial court granted the summary judgment on June 26, 1985, on that ground. The trial court denied Morton’s post-judgment motions. Morton appeals. We affirm.
*430 The issue on appeal is whether Code 1975, § 6-2-10, tolls the running of the period of limitations of Code 1975, § 6-2-39, during short and sporadic periods in which an individual resident defendant is physically absent from the state. We hold that, as here applied, § 6-2-10 does not toll the running of the statutory period.
Code 1975, § 6-2-10, reads:
Computation of time — Absence of person from state.
When any person is absent from the state during the period within which an action might have been commenced against him, the time of such absence must not be computed as a portion of the time necessary to create a bar under this chapter.
In opposition to the defendants’ motion for summary judgment, Morton offered evidence that each individual defendant was working outside the State of Alabama for short periods of time on several occasions between July 23, 1983, and July 23, 1984. Jones worked out of state on two occasions totalling seven days; Sewell worked out of state on three occasions totalling three days; and Langham worked out of state a total of four days on two occasions. Morton argues that, pursuant to Code 1975, § 6-2-10, these periods during which the defendants were outside of the state should not be computed as a portion of the time needed to bar his action under § 6-2-39. We disagree.
Code 1975, § 6-2-10, was not intended to operate as Morton seeks to apply it in the instant case. The court in Peters v. Tuell Dairy Co., 250 Ala. 600, 601, 35 So.2d 344, 345 (1948), speaking of the predecessor to this code section, opined:
This statute is designed to protect the plaintiff in those cases where it is not practicable for him to enforce his rights because of the absence of the defendant from the state.
In Dedmon v. Falls Products, Inc., 299 F.2d 173 (5th Cir.1962), the court observed:
Several early Alabama cases have emphasized that personal presence within the state is required for operation of the statute of limitations. Huss v. Central Railroad and Banking Co., 1880, 66 Ala. 472, 473, Wright v. Strauss, Inc., 1882, 73 Ala. 227. But in the most recent case on the subject, Peters v. Tuell Dairy Co., 1948, 250 Ala. 600, 601, 35 So.2d 344, 345, the Alabama Supreme Court held squarely that a nonresident’s constructive presence in the state under a statutory method of substituted service of process on a nonresident motorist is sufficient to prevent the operation of Section 34 [title 7, Code 1940, the predecessor section]. The court cited the Huss case and quoted with ... approval Chief Justice Brickell’s language:
The true test of the running of the statute of limitations is the liability of the party invoking its bar to the service of process during the whole of the period prescribed. If there is the continuous liability, the residence or domicile of the party is immaterial.
[[Image here]]
Peters v. Tuell Dairy eliminates any doubt that actual or personal presence in the state is necessary. Whenever it is practicable to obtain service of process upon a defendant within the state, Section 34 will not apply.
299 F.2d at 176.
We note that since the original promulgation of the statute now codified at Code 1975, § 6-2-10, barriers to obtaining in personam jurisdiction have been eroded and the methods and form of service have become more liberal. In addition, under our modern rules of civil procedure, the filing of a complaint “commences” an action for the purposes of tolling the statute of limitations if the plaintiff files the suit with the bona fide intention of having it immediately served. Ala.R.Civ.P. 3; Pettibone Crane Co. v. Foster, 485 So.2d 712 (Ala.1986); De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985); Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala.1980). In light of these considerations, as well as this Court’s analysis of § 6-2-10 in prior cases, it is evident that the “absence” contemplated for the opera *431 tion of § 6-2-10 is absence that helps a defendant to escape service of process or otherwise makes service of process by the plaintiff impracticable. The nature, length, and frequency of a defendant’s absences from the state and the degree of difficulty encountered by a plaintiff in perfecting service of process must be considered. There is no contention in the instant case that the short, intermittent, absences of these defendants impeded Morton’s ability to obtain service of process within this state or prevented him from filing suit. Indeed, once Morton filed suit and requested that service be attempted by certified mail, service of process was perfected on the defendants without delay.
Additionally, if the liability of a party to service of process during the entire limitations period is “the true test of the running of the statute of limitations” as stated in Peters v. Tuell Dairy Co., supra, then Morton’s reliance upon Code 1975, § 6-2-10, is unsupportable under these facts, Rule 4.2, Ala.R.Civ.P., allows service of process upon a resident of this state who is absent from the state and who has sufficient minimum contacts with this state to satisfy constitutional requirements. All three defendants were subject to service of process continuously throughout the limitations period.
The trial court’s judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.

. Section 6-2-39, Code 1975, was repealed effective January 9, 1985, and the actions governed by its one-year limitations period were at that time transferred to § 6-2-38, the two-year statute. See Act 85-39, Ala. Acts Second Special Session 1984-85. Act 85-39 is not applicable in the instant case inasmuch as the effective date of the Act was more than one year after the accrual of plaintiffs cause of action.