## HARWELL vs. STEEL, Adm'r.

1. The statute of limitations may be pleaded to a set off.
2. A set-off *bona fide* acquired by the maker against the payee of a note, before notice of its assignment to a third person, is not defeated by the subsequent discharge of the payee as a bankrupt.
3. The bankruptcy of the maker of a note does not suspend the operation of the statute of limitations.

Error to the Circuit Court of Lowndes.   Tried before the Hon. Geo. W. Stone.

This was an action of assumpsit by the plaintiff against the defendant in error, as administrator of George Pylant, on a promissory note made by the said Pylant in favor of one William B. Johnson, and by him endorsed to the plaintiff.   The note bears date the 4th January 1842, and the suit was commenced on the 6th June 1845.   The defendant pleaded the general issue and set-off—the latter of which pleas avers that before the notice of the transfer of the note sued on to the plaintiff, the defendants' intestate became, and was at the time of said transfer, the legal holder by endorsement from one Benjamin Harrison of a note for $146, made by the said Johnson in favor of said Harrison, and due on the 1st day of January 1839, &c.   To this plea the plaintiff replied in short by consent; 1st, The statute of limitations of six years; 2d, That he paid a valuable consideration to said Johnson for the note sued on, and that said Johnson afterwards and before the commencement of this suit was declared a bankrupt and was fully discharged thereby from the payment of the note pleaded as an offset. The defendant rejoined to the plaintiff's first replication and alleged that after his intestate became the endorsee of the note pleaded as an off-set, and before it was barred by the statute of limitations, the said Johnson was declared a bankrupt, so that a suit could not be brought against him, &c., and demurred to the second replication, which demurrer was sustained by the court.   The plaintiff thereupon demurred to the defendant's rejoinder to the plaintiff's first replication, which demurrer the court overruled.   The rulings of the court are now assigned as error.

J. B. STONE, for the plaintiff in error:

1. The statute of limitations of six years was a good plea to defendant's set-off, notwithstanding the bankruptcy of the maker of the note produced as a set-off.—Cogburn & Powell v. Spence & Elliott, 15 Ala. 549.

2. The bankrupt law of 1841 does not restrain a creditor of one who has availed himself of its benefits, from suing on his demand.

No counsel for the defendant.

CHILTON, J.—1. The statute of limitations may be pleaded to a set-off.—Remington v. Stephens, 2 Str. 1271; Blanchard on Lim. 166; 1 Law Lib. p. 86; Shaw v. Yarbrough, 3 Ala. 588.

2. The statute allows the defendant the benefit of all sets-off possessed, &c. by him before notice of the assignment.—Clay's Dig. 381, § 6. This right of set-off once acquired is not defeated by the subsequent bankruptcy of Johnson, the maker of the note, any more than by his death. The *bona fide* holder of a set-off acquired before the bankruptcy can avail himself of the set-off as effectually against the endorsee of the bankrupt before his discharge as he could against the assignee in bankruptcy. If the assignee had sued, the set-off would have been good; for the 5th section of the bankrupt act provides, that "where there are mutual debts or mutual credits between the parties, the balance only shall be deemed to be the true debt or claim between them, and the residue shall be deemed to be adjusted by the set-off." The assignee occupies the place of the bankrupt, and if the set-off would be available against him, it is equally so as against the endorsee; for the statute says the defendant is to be allowed the set-off *in the same manner as if he had been sued by the payee or obligee.*—Clay's Dig. 382, § 6. There was therefore no error in holding the second replication bad.

3. But the court erred in overruling the demurrer to the rejoinder of the defendant to the plaintiff's first replication to the plea of set-off, thereby holding that the bankruptcy of Johnson, the maker of the note, pleaded as a set-off, suspended the statute of limitation. The general rule is too well established to be now debated, that when the statute once begins to run it continues notwithstanding an intervening disability to sue.—

Greer v. Jones, 1 Stew. 254; Johnson, adm'r, v. Wren, 3 ib. 172; Lowes' Adm'r, v. Jones, 15 Ala. 545. Neither will the court imply a saving or an exception restrictive of its operation and which is not found in the statute.—Howell v. Hair, 15 Ala. 194. In Sacia v. Degraff, 1 Cow. Rep. 356, it was insisted that the discharge of the defendant under the insolvent act, the effect of which was to lock up the courts as to any suit against him, must suspend the statute for the time no suit could be brought, but the court held otherwise and such seems to be the settled law. If it is a bad one, that is not the fault of the court, but the legislature have not deemed it such, and it is our province to enforce it.

Judgment reversed and cause remanded.