# Wright *v.* Preston.

*Motion for Sale of Wife's Statutory Separate Estate, after Judgment against Husband, and Execution returned unsatisfied.*

1. *Liability of wife's statutory separate estate for necessaries ; judgment in action against husband alone.*—A judgment against the husband as garnishee, founded on a debt contracted for necessary family supplies (Rev. Code, §§ 2376-7), and an execution thereon returned unsatisfied, are sufficient to authorize the summary proceeding by notice and motion for the sale of the wife's statutory separate estate.

2. *Same ; same.*—To authorize this summary proceeding against the wife's statutory estate, it is not necessary that the primary suit against the husband should show that the claim sued on is for "articles of comfort and support of the household, suitable to the degree and condition of the family, and ior which the husband would be responsible at common law;" nor is it necessary that the claim sued on shall consist entirely of such articles.

3. *Statute of limitations of three years ; how pleaded.*—A plea setting up the statute of limitations of three years, but not averring that the claim sued on is an open account, is bad on demurrer; but, if not demurred to, and construed on error as if well pleaded, the appellate court cannot impute error to a ruling of the primary court, holding the statute no bar to the claim sued on, when the record does not show that any term of the contract was left unsettled by the parties.

4. *Absence from State, in computation of time under statute of limitations.*—In the computation of time under the statute of limitations (Rev. Code, § 2908), the defendant's absence from the State, before the completion of the statutory bar, is to be deducted; and this statutory rule applies to a summary proceeding against the 'wife's statutory separate estate (Rev. Code, § 2377), although she owned the property sought to be condemned before and during her absence.

5. *Successive charges on wife's statutory estate.*—It is no defense to a summary proceeding against the wife's statutory separate estate, that it has already been ordered to be sold for the satisfaction of other similar debts; since several debts may be successively charged upon it, until the whole estate is exhausted.

6. *Damages on affirmance.*—A judgment condemning the wife's statutory separate estate to the payment of a debt for necessaries not being a personal debt for the payment of money, no damages can be awarded on its affirmance.

APPEAL from the Circuit Court of Greene.
Tried before the Hon. LUTHER R. SMITH.

[Wright v. Preston.]

This was a summary proceeding, by notice and motion, to sell certain lands, alleged to belong to the statutory separate estate of Mrs. Georgia H. Wright, the appellant, in satisfaction of a judgment, which the plaintiffs (appellees) had recovered against her husband, John V. Wright, as hereinafter stated. The record does not show at what time it was commenced. The defendant pleaded, as the bill of exceptions recites, "*non assumpsit*, with leave to give in evidence any special matter of defense, and the statute of limitations of three years." The plaintiffs offered in evidence on the trial, in support of their motion, the record of a judgment which they had recovered in said court, on the 18th October, 1867, against Patton & Anderson, for $345.19, besides costs; on which they had sued out a garnishment against said John V. Wright, as the debtor of said Patton & Anderson; and said garnishee failing to appear, a judgment *nisi* was rendered against him, which was made absolute on the 4th May, 1871, for the full amount of the plaintiffs' judgment against Patton & Anderson; and on this judgment an execution was issued, which was returned by the sheriff, on the 27th October, 1871, "No property found." "It was admitted by the defendant, that said Georgia H. and John V. Wright were married in said county of Greene, in the year 1857, and have ever since lived together as man and wife ; and that they were living in said county at the time the indebtedness to Patton & Anderson, hereinafter mentioned, was contracted; and that said Georgia H. Wright, at that time, and at the filing of the motion in this cause, held the lands in said motion described, as her statutory separate estate; and that said lands are situated in Greene county; and that said Georgia H. and John V. Wright removed from Greene county, Alabama, to Tennessee, in May, 1868; and that said Georgia H. Wright had due and legal notice of this motion. The plaintiffs also introduced one Thomas J. Anderson as a witness, who testified that, in 1865-6, he was a member of the firm of Patton & Anderson, who were engaged in the family grocery business, in the town of Eutaw in said county; that during that time various articles were purchased from said firm by Mrs. Georgia H. Wright, most (if not all) of which were family supplies, suitable to the degree and condition of the family; but he spoke only from memory, and could not produce an itemized account of such articles, the books of said firm having been burned up; also, that Mrs. Wright herself, either in person, or by order, purchased all (or nearly all) of said articles; that the articles so purchased were articles for the comfort and support of the household; that said Patton & Anderson kept a family grocery store during that period,

and all the articles furnished were in that line; that he gave an itemized account of the articles to said John V. Wright, and that another itemized account was burned up, with the papers in the case of said plaintiffs against Patton & Anderson (John V. Wright, garnishee), when the court-house of said county was burned; that said John V. Wright paid some money to said firm on said account, and gave them a draft for the balance, which was never paid;" and he produced the draft, which was for the sum of $167.87, dated Dec. 29, 1866. The plaintiffs having here closed their evidence, the defendant offered in evidence the record of a judgment rendered by said court on the 15th November, 1872, in favor of Robert Crawford, as administrator of Willis Meriwether, deceased, against said John V. and Georgia H. Wright, for the sum of $882; "which judgment condemned the same lands sought to be subjected by this motion, to the payment of said debt claimed by said Robert Crawford;" also, another judgment, rendered by said court on the 1st April, 1874, condemning the same lands to sale, for the satisfaction of a judgment against said John V. Wright, for $135, in favor of John P. Rice, as the administrator of Hixey Pippin. This being all the evidence, and the case being submitted to the court for decision, without the intervention of a jury, the court rendered judgment for the plaintiffs, for the sum of $265.73, and ordered the lands to be sold for its satisfaction. The defendant reserved an exception to the ruling and judgment of the court, and now assigns it as error; also, that the court erred in not sustaining the plea of the statute of limitations.

W. COLEMAN, and E. MORGAN, for appellant.—1. The judgment against the husband, as a defaulting garnishee, will not support a summary proceeding against the wife's statutory estate. Such a judgment is simply a penalty for failure to answer (Rev. Code, § 2973), and does not rest on any contract or indebtedness; and it is imposed and enforced as a penalty, without any reference to the question of indebtedness. Nor was that judgment rendered in a suit against the husband alone, on a contract for articles of comfort and support of the household. Patton & Anderson were the parties to the contract with Wright and his wife, and they are the owners and holders of the unpaid draft. The service of the garnishment did not operate a transfer of that contract. The garnishee's liability to Patton & Anderson, under that contract, will continue until the judgment is paid.—*Cook v. Field*, 3 Ala. 53. If the plaintiffs are entitled to pursue one of the statutory actions against Mrs. Wright's separate estate,

[Wright v. Preston.]

they are equally entitled to pursue the other; but how could they proceed to condemn the separate estate by garnishment against the husband and wife jointly?

2. As against the wife personally, no action lies on the contract for necessaries.—45 Ala. 348. The liability of her separate estate must be fixed by a judgment against her husband alone, or against them jointly; and the statute must be strictly pursued. The contract is merged in the judgment (17 Wallace, 545), and the amount of the liability of the separate estate is thereby judicially ascertained. As against the separate estate, the proceeding is *in rem*, to subject it to the satisfaction of an ascertained liability. Yet, here, the plaintiffs are allowed to split up their judgment, and subject the wife's separate estate to the payment of a draft, on which that judgment was not founded, and with which it had no connection. The separate estate is liable for the satisfaction of the judgment against the husband, and for nothing else, either more or less; and that judgment should show the facts on which such liability is founded. In an action against husband and wife jointly, a recovery cannot be had on a contract which embraces any other articles than those for which her statutory estate is liable.—*Ravisies v. Stoddart & Co.*, 32 Ala. 606. The same rule must prevail when the other statutory remedy is pursued.

3. The identical lands here sought to be condemned to sale, had already been ordered to be sold in two other cases, both now pending in this court; and until those cases are disposed of, no other judgment can be rendered against the lands.—9 Ala. 150; 7 Ala. 140; 6 Ala. 46.

4. This suit was barred by the statute of limitations of three years. Mrs. Wright has been a non-resident of Alabama, since May, 1868; but the lands sought to be subjected have been within the jurisdiction of the court all the time. The suit is not against her, but against her lands.—18 Ala. 274; 15 Ala. 745.

SNEDICOR & COCKRELL, with R. CRAWFORD, *contra.*—1. That garnishment is a suit, is well settled.—*Moore & Lyons v. Stainton*, 22 Ala. 832; 8 Ala. 574; 5 Ala. 442; 3 Porter, 105; 3 Stew. 335. It is well settled, also, that the plaintiff in the garnishment succeeds to all the rights of the defendant against the garnishee.—24 Ala. 379; 12 Ala. 91; Drake on Attachment, §§ 454-56. The judgment, then, against John V. Wright as garnishee, with an execution thereon returned unsatisfied, entitled the plaintiffs to proceed by motion to subject Mrs. Wright's statutory estate to its satisfaction, so far as the statute makes it liable. It is not necessary, in a

suit against the husband alone, to prove the character of the articles sold, or the consideration of the debt on which the action is founded; and if such proof were made, it would not be conclusive on the wife, in a subsequent proceeding against her estate, when it would become necessary. The primary suit against the husband is only required to show that legal remedies against him have been exhausted.—*McMillan v. Hurt*, 35 Ala. 665.

2. The former judgments against the defendant's lands present no obstacle to the recovery of the plaintiffs' judgment. Those judgments may be paid; or they may be reversed on error; or the lands may bring at a sale more than enough to satisfy them. Successive judgments, in such cases, are like successive levies of executions.

3. Mrs. Wright's absence from the State prevented the statute of limitations from running in her favor.—Revised Code, § 2908.

STONE, J.—The liability of the statutory separate estate of a married woman, "for articles of comfort and support of the household," etc., may "be enforced by action at law against the husband alone, or against the husband and wife jointly."—Rev. Code, § 2376.

"If suit is brought against the husband alone, upon any such contract, and execution is returned 'not satisfied,' the separate estate of the wife may be sold, by order of the court, for the satisfaction of the judgment, ten days' notice in writing being given to the wife, of the intended motion." Rev. Code, § 2377.

Appellees had recovered a judgment at law against Patton & Anderson, and, under process of garnishment, against John V. Wright, husband of appellant, they had also recovered a judgment against him, as the debtor of Patton & Anderson. Execution on this latter judgment had been returned "no property found;" and the present proceeding was instituted, by written notice and motion, to obtain an order to sell Mrs. Wright's statutory separate estate, under section 2377, *supra*.

It has been uniformly held in this State, that garnishment is a legal proceeding, and is a suit.—*Witherspoon v. Barber*, 3 Stew. 365; *Presnall v. Mabry*, 3 Por. 105; *Thomas v. Hopper*, 5 Ala. 442; *Travis v. Tart*, 8 Ala. 574; *Moore v. Stainton*, 22 Ala. 832; *Jackson v. Shipman*, 28 Ala. 492; *Price v. Masterson*, 35 Ala. 492.

Judgment against the garnishee, and return of execution "not satisfied," is a compliance with all the substantial requirements of the Code, above referred to; and the other

facts necessary to charge the statutory separate estate being shown, we hold that this is a compliance with the statute, and authorizes a proceeding to reach and condemn the wife's estate. It establishes the fundamental fact, to-wit, that suit against the husband is unproductive.

2. Nor is it necessary that, in the primary suit against the husband, it shall be disclosed that the claim sought to be recovered is for "articles of comfort and support of the household, suitable to the degree and condition of the family, for which the husband would be responsible at common law;" nor that the claim, sued and recovered against him, shall consist entirely of such articles. It is the unmistakable import of the statute, that when the husband is first sued alone, the property of the wife shall not be molested, until the fruitlessness of the first suit is shown by a proper return of the sheriff on the execution. The proceeding being purely statutory, this is one of the jurisdictional pre-requisites. When, however, this fact is shown by judgment, and execution properly returned, all that is of substance in the statute is complied with, notwithstanding the husband may be adjudged to pay a larger sum than the wife's estate is liable for.—*Sharp v. Burns*, 35 Ala. 664; *McMillan v. Hurt, Ib.* 665.

We do not think there is anything in the position taken, that it is not shown that the judgment against John V. Wright, the husband, is founded on the same cause of action as that on which the wife's separate estate was condemned. True, the record of the recovery against the husband does not prove this; but, in the trial of the motion against Mrs. Wright, we think this is abundantly shown; and, also, that it was based on a contract for articles, such as the statute declares the statutory separate estate is liable for.

3. The plea of the statute of limitations of three years, pleaded in short, does not contain the necessary averment, that the claim sued on was an open account. Wanting such averment, if it had been demurred to, the demurrer would have been sustained.—2 Brick. Dig. 226, §§ 128, 129. But, inasmuch as the sufficiency of the plea was not passed upon by the court, we must consider it well pleaded, containing the averments that the claim sued on was an open account, and that it did not accrue within three years before the commencement of the suit. Thus construed, the court did not err in holding that the present claim was not within its influence. The record contains no evidence that the claim was what the law calls an open account; for it does not appear that any term of the contract was left unsettled by the parties making it.—See *Mims v. Sturdevant*, 18 Ala. 358. The record being silent on this question, we cannot suppose the exist-

[Bender and Wife v. Meyer & Co.]

ence of facts not shown, and make them the basis of a reversal.—See 1 Brick. Dig. 781, §§ 115, 119, 120.

4. There is another reason, however, why the statute did not perfect a bar in this case. Mrs. Wright removed from this State before the three years elapsed, and the record does not inform us that she ever returned. This stopped the running of the statute; and the fact that she, all the time, owned the property in this State, the subject of the present proceeding, does not change the result. The statute is explicit, and contains no exceptions. Absences from the State are to be excluded, in the computation of time necessary to create a bar by limitation.—Rev. Code, § 2908.

5. It is contended that, inasmuch as the identical property sought to be condemned in this proceeding had been previously ordered to be sold, in payment of other liabilities of a similar nature, made a charge upon it, that this placed the property beyond the reach of process, and this proceeding must fail on that account. We cannot agree to this. Like successive levies of executions on the same property, we hold that successive charges of this kind may be fastened on the same property, until, if necessary, the whole value is exhausted.

There is no error in the record, and the judgment is affirmed. This is not, as against Mrs. Wright, a judgment for money; and hence, no damages will be awarded on affirmance.

