# Huss *v.* Central Railroad and Banking Company, and Georgia Railroad and Banking Company.

*Action for Damages against Railroad Corporations, for Killing Mare.*

1. *Limitation of action against railroad company, for injuries to stock or cattle.* An action for damages against a railroad corporation, for an injury to stock or cattle caused by negligence, there being no contract between the parties, must be commenced within one year from the time of the injury (Code, § 3231, subd. 6), the claim having been presented within sixty days.

2. *Summons; date and form of.*—The date of a summons is not conclusive as to the day on which it was in fact issued, nor is its form conclusive as to its character, whether an original, an *alias*, or a *pluries*: its true date, or the day on which it was in fact issued, may be proved, when necessary, to be different from that which it bears, and its form may be amended so as to show its true character.

3. *Demurrer; what may be looked to.*—A demurrer is addressed to matters apparent on the face of the pleading to which it is interposed, and it can not be aided by a reference to facts shown or stated in other parts of the record, especially facts which are disputable; thus, on demurrer to the complaint, the summons can not be looked to, as showing the day on which the action was commenced.

[Huss v. Central Railroad and Banking Co.]

4. *Statute of limitations; how available.*—In courts of law, the statute of limitations must be specially pleaded, and is not available on demurrer.

5. *Same; absence from State.*—In the computation of time under the statute of limitations, when the defendant has been "*absent from the State* during the period within which an action might have been brought against him" (Code, § 3234), actual absence, without regard to residence or domicile, is the subject of the exception.

6. *Same; in favor of foreign corporation.*—A foreign corporation, having a known place of business here, and an authorized agent upon whom process can be served, as required by constitutional provision (Art. 14, § 4), may plead the statute of limitations in like manner as a domestic corporation or resident citizen.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JAMES E. COBB.

This action was brought by J. C. Huss against the appellees, two corporations chartered by the State of Georgia, and alleged to be operating the "Western Railroad of Alabama," to recover damages for injuries to a mare, which was killed by the negligence of the defendant's servants; and was commenced, according to the date of the summons, on the 9th April, 1878. The complaint averred that the injury was done " on or about the 8th day of June, 1876," and that a demand for damages on account of the injury was presented, in writing, to the defendants' depot-agent in said county, within sixty days after the injury occurred. The defendants demurred to the complaint, " because the cause of action, as therein set forth, is shown to have occurred on or about the 8th day of June, 1876, and this suit was commenced on the 9th April, 1878, and is therefore barred by the statute of limitations of one year." The court sustained the demurrer, and its judgment thereon is now assigned as error.

W. C. BREWER, and W. P. PINCKARD, for appellant.—The demurrer should have been overruled, because the statute of limitations can not be made available on demurrer, but must be pleaded, so that the plaintiff may have an opportunity to reply, and show that he comes within one of the exceptions. Nor was the complaint subject to demurrer, on the ground stated, since it did not show when the action was commenced, and the summons could not be looked to in aid of the demurrer.—*Dodge & McKay v. McKay & McDonald*, 4 Ala. 346; *St. Farmer v. McCraw*, 31 Ala. 659. Again, foreign corporations, as the defendants are shown to be, have no legal existence outside the limits of the State by which they are created, and are, of necessity, absent from any other State in which they may be transacting business through their agents. That a foreign corporation can not avail itself of the statute of limitations, see *Olcott v. Railroad Company*, 20 N. Y. 210, and cases there cited.

GEO. P. HARRISON, *contra.*—The summons and complaint accompany each other, and are parts of the same paper; and if together they show no legal demand, or show that the demand is barred by the statute of limitations, the objection may be taken by demurrer.—*Moulton v. Walsh*, 30 Iowa, 361; *Hudson v. Wheeler*, 34 Texas, 356. If the demurrer was improperly interposed, the plaintiff should have moved to strike it from the files; not having so done, but having joined in the demurrer, that objection was waived. The limitation of actions like this is one year.—Code, § 3231. Although the defendants are foreign corporations, the complaint shows that they had a known place of business, and an authorized agent in the county, during the entire period intervening between the commission of the alleged injury and the commencement of the action; and being thus subject to suit, the statute of limitations ran in their favor.—*Penn. Co. v. Sloan*, 1 Bradw. App. Ct. 364; Rorer on Inter-State Law, 176. The general proposition is, that the statute runs when there is a party entitled to sue, and a party subject to be sued.—2 Brick. Digest, 220, § 35. The New York case, cited for appellant, is against the weight of authority, and disapproved by the Supreme Court of the United States.—20 Wallace, 152.

BRICKELL, C. J.—This is an action on the case, for the negligent killing a mare, the property of the appellant, by the servants of the appellees, corporations of the State of Georgia, operating a railroad in this State. The killing occurred on the 8th of June, 1876; and it is averred that, from that time, to the commencement of suit, the appellees had a known place of business, and authorized agents in the county of Lee in this State. A demurrer was interposed to the complaint, on the ground that the action was barred by the statute of limitations, not having been commenced within one year from the time of the injury. The demurrer was sustained, and this ruling of the Circuit Court is the only error now assigned.

The present statute of limitations is directed to the *causes*, not to the *forms* of action; and there is a period prescribed, within which each cause of action, whether *ex delicto*, or *ex contractu*, or for the recovery of real estate, or for the detention or conversion of personal property, is barred. Actions for negligent injuries to property, real or personal, there being no contract between the parties, are embraced in the sixth subdivision of section 3231 of the Code of 1876, and are barred, if not commenced within one year from the time of the injury.—*Roundtree v. Brantley*, 34 Ala. 544; *Polly v. McCall*, 37 Ala. 20. It follows, this is of the class of causes

of action, which are within the operation of that subdivision.

The suing out a summons, whether it be executed or not, is the commencement of a suit, avoiding the bar of the statute of limitations.—Code of 1876, § 3243. Unless we refer to the summons, and assume that it is an original, not an *alias* or *pluries*, and that its date is the day of its suing out, it cannot be known that the suit was not commenced within a year from the time of the injury to the mare. A demurrer is addressed to the matter apparent on the face of the pleading to which it may be taken; and in aid of it, the court cannot look to facts which may appear in other parts of the record; certainly not to facts which are disputable. The date of the summons is not conclusive evidence of the time of the commencement of the suit; nor is the form of the summons conclusive that it is an original, not an *alias* or *pluries*. If in form an original, it may be amended, on proper evidence, showing that it is in fact an *alias;* or, if it become necessary, that it does not bear the true date of its suing out.—*Steamboat Farmer v. McCraw*, 31 Ala. 659. On demurrer, questions of law only can be considered—not questions of fact, which may be controverted.—Mansel on Demurrer, 96.

Independent of this consideration, the statute of limitations is a defense which must, in courts of law, be specially pleaded. For, unless it be pleaded, the plaintiff has not the opportunity of replying that he is within some one of the exceptions to the statute, or any other matter which would prevent the bar from attaching.—Ang. Lim. 285.

It is apparent the Circuit Court erred in sustaining the demurrer to the complaint. We deem it proper, however, to pass upon the question which has been fully argued, and which will probably be decisive of the cause. That question is, whether the appellees are within the influence of the exception to the statute of limitations, expressed in section 3234 (Code of 1876): "When any person is absent from the State, during the period within which a suit might have been brought against him, such period or periods of time must not be computed as a portion of the time necessary to create a bar under this chapter." It is *absence* from the State—a state of being without its jurisdiction—not the *domicile* or *residence* of the party subject to suit, that forms the matter of this exception. A citizen of another State, inflicting a negligent injury on property, may, without a change of his domicile, and with no intention to change it, remain here for the full period of twelve months; the statute would operate a bar in his favor, as fully as if his domicile was here. This may be the domicile; but, if the party liable to suit is ab-

sent from the State, not subject to personal service of the process of its courts, the period of such absence must be deducted in computing the bar of the statute. *Presence* in the State, and a deduction of the period of *absence,* is the requisition of the statute.—*State Bank v. Seawell,* 18 Ala. 616.

The constitution requires that foreign corporations, doing business within this State, shall have at least one known place of business, and one authorized agent or agents therein, and subjects them to suit in any court, where they may do business, by the service of process upon the agent any where in the State.—Const. Art. 14, § 4. The averment of the complaint is explicit, that the appellees had, in the county of Lee, a known place of business, and authorized agents, from the time of the injury to the commencement of the suit. There was continuous presence here, though the domicile of the corporations was in Georgia—continuous liability to suit, and all parties having claims against them were unembarrassed because their domicile was elsewhere. The true test of the running of the statute of limitations, is the liability of the party invoking its bar to the service of process during the whole of the period prescribed. If there is the continuous liability, the residence or domicile of the party is immaterial.—*Express Co. v. Ware,* 20 Wall. 543. We are of opinion, if, for the period of twelve months after the cause of action accrued, and before the commencement of suit, the appellees had a known place of business, and authorized agent or agents within the State, the statute of limitations is as available to them, as if they were domestic corporations, or natural persons here residing.

Reversed and remanded.