ROLL-O-MATIC, INCORPORATED, A NEW JERSEY CORPORATION, PLAINTIFF, v. J. B. MARSHALL, INCORPORATED, A CORPORATION, DEFENDANT.

Submitted January 19, 1937—Decided February 5, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the plaintiff, *Hodes & Hodes* (*Irving L. Hodes*).

For the defendant, *Fred Eichmann* and *Julius J. Seiden*.

BODINE, J. The defendant, a Michigan corporation, seeks to have set aside the service of a summons and complaint. The action was brought to recover upon three checks drawn by the defendant upon a bank in Detroit, Michigan, payment having been stopped. The process was served upon J. B. Marshall, president of the defendant company, while he was at plaintiff's place of business, 209 Parkhurst street, Newark, New Jersey. The defendant's only place of business is at 3726 Woodward avenue, Detroit. All its contracts, either of purchase or sale, are made there and no business whatever is transacted in this state. The machines, for which the checks in suit were given, were bought from plaintiff's representative in Michigan.

The defendant's president, having come on to New York at the invitation of one of the plaintiff's officers, visited their show room in Newark and discussed new models of machines and the adjustment of the amount due on the outstanding checks for which the suit was brought. The parties not reaching an agreement the process was served.

Mr. Justice Elmer, in *Moulin* v. *Insurance Co.*, 24 *N. J. L.* 222 (at *p.* 234), said: "Any natural person who goes into another state carries along with him all his personal liabili-

ties; and there is quite as much reason that a corporation which chooses to open an office and transact its business or to authorize contracts to be made in another state, should be regarded as thereby voluntarily submitting itself to the action of the laws of that state, as well in reference to the mode of commencing suits against it, as to the interpretation of the contracts so made. But I am quite prepared to say, that where a corporation confines its business operations to the state which has chartered it, a law of another state, which sanctions the service of process upon one of its officers or members accidentally within its jurisdiction is unreasonable, and so contrary to natural justice and to the principles of international law that the courts of other states ought not to sanction it. In such a case, a president or other officer ought not to be considered as carrying his official character along with him." That case dealt with a New York statute providing for service of process upon foreign corporations, the president of a New Jersey corporation having been served with process while casually in that state. Section 88 of our General Corporation act must be read in the light of those principles. *Doctor* v. *Desmond,* 80 *N. J. Eq.* 77.

It is perfectly clear from the proofs that the defendant corporation was not doing business in the state. Its president appeared casually, and for the mere purpose of discussing with the plaintiff's officers business, past and future.

Although the defendant corporation was a family affair that does not alter the law. Even though the person served was in complete control of the company's affairs his presence in this state did not cause the corporation to do business within this state, or demonstrate express or implied corporate consent to the service of process in this state.

In *Carroll* v. *New York, &c., Railroad Co.,* 65 *N. J. L.* 124, many New Jersey decisions are reviewed. The quotation from the opinion of Mr. Justice Peckman in *Connecticut* v. *Spratley,* 172 *U. S.* 602, is, however, misleading in that it is not made to appear that, in addition to the proof of the agency of the person served with process, there was a finding that the foreign corporation was actually doing business within the state where process was served. The prevailing

view in this country is that a foreign corporation cannot be served in personal actions otherwise than by consent, express or implied, unless it is doing business within the state. See *Philadelphia and Reading Railway* v. *McKibben,* 243 *Id.* 265; *Hess* v. *Pawloski,* 274 *Id.* 352; *McClelland* v. *Colt's Patent Fire Arms Manufacturing Co.,* 10 *N. J. Mis. R.* 156; *Hoffman* v. *Carter,* 117 *N. J. L.* 205.

The attempted service of process will be set aside, with costs.