No. 34,263

GEORGE L. WEISHAAR, *Appellee,* v. BUTTERS PUMP AND EQUIPMENT COMPANY, *Appellant.*

(89 P. 2d 864)

Opinion filed May 6, 1939.

*Leo T. Gibbens*, of Scott City, for the appellant.

*R..D. Armstrong* and *D. B. Lang*, both of Scott City, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This appeal presents the question whether the statute of limitations runs in favor of a foreign corporation not authorized to do business in Kansas, the cause of action having arisen in this state.

On February 1, 1934, one Claude Hughes owned a tract of land near Scott City. He entered into a contract with defendant to drill and equip an irrigation well on his property. Then defendant made an oral agreement with this plaintiff whereby he undertook the actual work of drilling for an agreed price of $1,265, of which defendant was to pay $265 and Hughes was to pay $1,000. Plaintiff promptly drilled the well. Hughes paid his share. Defendant failed to pay. Hence plaintiff's first cause of action.

Shortly after drilling the well, defendant employed plaintiff to pull and reset the irrigation pump. For this service defendant agreed to pay $1.50 per hour. The work required 40 hours of service. Defendant failed to pay. Hence plaintiff's second cause of action.

These contractual undertakings of plaintiff were completed on March 30, 1934. This action was begun on May 11, 1938—more than three years after the causes of action accrued. On May 12, 1938, an order of attachment was issued and the sheriff levied on certain property of defendant in Scott county. On the same day summons was served on the president of the defendant corporation. Bond was given forthwith to discharge the attachment.

To plaintiff's petition defendant lodged a demurrer on various grounds, but particularly on the bar of the three years' provision of the statute of limitations. (G. S. 1935, 60-306, 2d clause.) This demurrer was overruled. Defendant declined to plead further, and judgment was entered for plaintiff. Hence this appeal.

We have a statute (G. S. 1935, 17-509) which in substance provides that where a foreign corporation does business in this state, but has failed to obtain authority to do so in conformity with our corporation law, and has not appointed the secretary of state as agent upon whom service of summons or other process can be had, any person having a cause of action against it which arose out of its doing business in this state may file suit against it and serve summons on the secretary of state, who in turn is directed to send to

the secretary of such foreign corporation by registered mail a copy of the summons and a copy of plaintiff's petition, and likewise to send a copy of the summons and of the petition to the corporation itself. The requisite addresses of the corporation and its secretary must be supplied by plaintiff. The secretary of state's return of such summons, with a recital of his doings thereon, shall have the same force and effect as though service of process had been made by the sheriff in the usual manner. Thirty days after service thus performed it shall be deemed complete.

The next section of the same statute (G. S. 1935, 17-510) provides that the foregoing method of service shall be deemed cumulative of any other service sanctioned by the civil code.

To obtain authority to do business in Kansas, a foreign corporation must apply to the state charter board as prescribed in G. S. 1935, 17-501. Its application, among other recitals, must set forth:

"(3) The place where the principal office or place of business in this state is to be located.

. . . . . . . . . . . . . . .

"(7) The written consent of the corporation, irrevocable, that actions may be commenced against it in the proper court of any county in this state in which a cause of action may arise or in which the plaintiff may reside, by the service of process on the secretary of state, and stipulating and agreeing that such service shall be taken and held, in all courts, to be as valid and binding as if due service had been made upon the president and secretary of the corporation. . . ."

The general trend of judicial opinion is that where a foreign corporation has complied with local statutory requirements it is entitled to the benefit of the local statute of limitations. (*State v. Railroad Co.*, 81 Kan. 404, 408, 105 Pac. 685; *Mortgage Co. v. Northwest Thresher Co.*, 14 N. D. 147, 103 N. W. 915, 116 A. S. R. 642; 14a C. J. 1401 *et seq.;* 18 Fletcher Cyc. Corp., sec. 8676; anno., Foreign Corporation, Limitation of Actions, 59 A. L. R. 1336 *et seq.*)

This court has held that a foreign corporation engaged in interstate commerce is entitled to plead the statute of limitations. (*Doherty v. Kansas City Star*, 143 Kan. 802, 57 P. 2d 43.)

On the other hand, in our early case of *Aetna Life Ins. Co. v. Koons*, 26 Kan. 215, it was held that the statute of limitations did not bar an action against a foreign life insurance company, unless by some special plea it showed itself entitled to such privilege. In *Williams v. Railway Co.*, 68 Kan. 17, 74 Pac. 600, 104 A. S. R. 377, it was held that a foreign corporation which had not procured au-

thority to do business in this state was "out of the state" within the meaning of that provision of the civil code (G. S. 1935, 60-309) which declares that the time in which a person is "out of the state" shall be excluded in computing the period in which an action may be commenced, and that such foreign corporation could not avail itself of our statute of limitations.

While the Williams case, *supra,* was decided before the revision of the code in 1909, the rule of that case has been repeatedly cited in later cases. (*Trust Co. v. McIntosh,* 68 Kan. 452, 457, 75 Pac. 498; *Railway Co. v. Warren,* 74 Kan. 244, 248, 86 Pac. 131; *Railroad Co. v. Thisler,* 90 Kan. 5, 8, 133 Pac. 539; *State v. Knights of the Ku Klux Klan,* 117 Kan. 564, 232 Pac. 254.)

In *Doherty v. Kansas City Star,* supra, the concept of a corporation as discussed in the Williams case, *supra,* was criticized in our opinion written by Mr. Chief Justice Burch; but while in recent years the courts have not accorded to the legal entity of a corporation the unchallenged deference given it a generation or two ago (*Avery v. Safeway Cab, T. & S. Co.,* 148 Kan. 321, 325-326, 80 P. 2d 1099), the recent tendency has been to place a tighter rein on such artificial personality, rather than to extend its privileges and immunities. And but for the artificiality of such corporate entity the persons who compose this drilling company certainly could not invoke the statute of limitations for the time they were out of the state. Why should such privilege be extended to a corporation which snaps its fingers at our law, engages in business transactions in this state without authority, and tells its Kansas patrons to whistle for their due!

It seems thoroughly just to hold that to entitle a foreign corporation to the privileges and benefits of our local law it must conform to its corporate obligations in this state. In the revision of the code of 1909, which provides that the time in which a person is absent from the state shall not be computed in tolling the statute of limitations, the following significant proviso was added:

"This act [statute of limitations] shall not apply to any foreign corporation authorized to do business in the state upon which service of process can be had within the state." (G. S. 1935, 60-309.)

Conversely, under the rule of *expressio unius est alterius exclusio,* it is plainly inferable that the legislature did not intend to confer the privileges of the statute of limitations upon foreign corporations which fail to obtain authority to do business in this state.

It is suggested that by the circuitous method prescribed by G. S. 1935, 17-509, a sort of service can be had upon a foreign corporation which had not applied for authority to do business in Kansas in conformity with G. S. 1935, 17-501, and that the existence of such devious method of service should confer on it the privileges of our statute of limitations. But for the fortuitous circumstance in the instant case that some property of defendant was discovered in Scott county and attachment levied thereon, a judgment on defendant pursuant to the method of service prescribed by G. S. 1935, 17-509, would be altogether ineffective; and it is not at all clear that a judgment rendered pursuant thereto would constitute an adequate basis for an action on that judgment in the state of defendant's domicile. (*Roll-O-Matic, Inc., v. J. B. Marshall, Inc.,* 117 N. J. Law 463, 189 Atl. 661.) In any event, some sort of follow-up judicial proceedings would be necessary in the state of defendant's domicile to render such Kansas judgment effective. Considered from all its angles, this court holds that since plaintiff's cause of action arose out of business transactions with defendant in this state, and defendant did not conform to the provisions of our law which would have conferred on it as a foreign corporation the right to do business in this state, it is in no position to plead the statute of limitations as a defense to plaintiff's action.

Some authorities which accord with this view in addition to our own will be found in 59 A. L. R. 1340-1341; and see, also, *McLaughlin v. Aetna Life Insurance Co.,* 221 Mich. 479, 191 N. W. 224.

The judgment is affirmed.