**WORKMEN'S COMPENSATION BUREAU, STATE OF NORTH DAKOTA, Plaintiff,**

v.

**H. F. JOHNSON COMPANY, Inc., a Corporation Chartered in the State of Montana, Defendant.**

Civ. No. 3070.

United States District Court
D. North Dakota,
Southwestern Division.

Dec. 7, 1955.

John F. Lord, of Lord & Ulmer, Mandan, N. D., and Paul Sand, Asst. Atty. Gen. of North Dakota, for plaintiff.

Theodore Kellogg and Ward M. Kirby, of Mackoff, Kellogg, Muggli & Kirby, Dickinson, N. D., for defendant.

REGISTER, District Judge.

This action arose out of an accident which occurred on November 18, 1946, in the town of Richardton, North Dakota. Plaintiff alleges in his complaint that it is a resident of the state of North Dakota and that defendant is a resident of the state of Montana. Jurisdiction of this court is based upon diversity of citizenship and the fact that the amount in controversy is in excess of three thousand dollars.

The record discloses the following facts: The defendant corporation is a foreign corporation, is chartered in the state of Montana, and has its main business office and headquarters located therein; the plaintiff is a civil person and resident as such of the state of North Dakota; on November 18, 1946, an agent of defendant corporation delivered for sale a large truck-trailer load of gasoline to one Jos. Kilzer and Sons Garage, located in the town of Richardton, North Dakota; while in the process of unloading such gasoline there occurred an explosion and fire which resulted in injuries to one Nick H. Goetz, and by reason of such injuries the plaintiff herein has made certain expenditures to said Nick H. Goetz, and by statute made and provided is obligated or may be obligated to make further payments, compensation, medical and hospital expenditures throughout the natural life of the said Nick H. Goetz. The complaint in this action was filed on February 9, 1955. The action is brought by the plaintiff for itself and for the benefit of said Nick H. Goetz.

One of the defenses of the defendant, contained in the answer, is: "The defendant alleges that the cause of action, if any, set forth in the plaintiff's Complaint accrued more than six years prior to the commencement of the above entitled action and that the same is barred under the provisions of Sections 28–0116 and 28–0123 of the North Dakota Revised Code of 1943".

Defendant has duly filed motion for summary judgment herein—one of the grounds and reasons upon which such motion is based is that such statute of limitations constitutes a bar to the action. The said motion is before the Court.

Generally, defendant has right to raise defense of statute of limitations by a motion for summary judgment—this is a ground on which summary judgment can properly be entered. Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A.; Roe v. Sears, Roebuck & Co., 7 Cir., 132 F.2d 829, 832; Kithcart v. Metropolitan Life Ins. Co., 8 Cir., 150 F.2d 997.

Plaintiff contends that the defendant cannot plead or have the benefit of this statute, because it failed to comply with the laws of this state relative to the transaction of business in this state by foreign corporations.

The portions of the N.D.R.C.1943, applicable, are as follows:

"[Sec.] 10–1702. Foreign Corporation Must Have Certificate of Authority. No foreign corporation shall transact business in this state unless it holds a certificate of authority to do so. * * *"

"[Sec.] 10–1709. Failure of Foreign Corporation to Obtain Certificate of Authority; Effect.

"The failure of a foreign corporation to obtain a certificate of authority to transact business in this state does not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action in any court of this state."

"[Sec.] 10–1710. Foreign Corporation to Maintain Registered Office and Agent in This State.

"Each foreign corporation authorized to transact business in this state shall have and maintain continuously in this state:

"1. A registered office in the county in which it has its principal place of business in this state, or if it has no place of business in this state, in any county in which it does or proposes to do business; and

"2. A registered agent. * * *"

The defendant corporation concedes that it has not obtained a certificate of authority to transact business in this state, and that it has not appointed a registered agent as required by said law.

The record conclusively establishes, however, and it is conceded by all parties, that an agent was designated by the defendant, under and in accordance with the provisions of Section 321(c), Title 49 U.S.C.A., (Motor Carrier Act), prior to November 18, 1946, and that there was such an agent available for service of process within the state of North Dakota during all times between November 18, 1946, and the date of the commencement of this action. This portion of the Act reads:

"Designation of agent for service of process. Every motor carrier shall also file with the board of each State in which it operates a designation in writing of the name and post-office address of a person in such State upon whom process issued by or under the authority of any court having jurisdiction of the subject matter may be served in any proceeding at law or equity brought against such carrier. Such designation may from time to time be changed by like writing similarly filed. In the event such carrier fails to file such designation, service may be made upon any agent of such motor carrier within such State."

The question is: As the defendant foreign corporation had complied with the Motor Carrier Act (as regards the designation of an agent for service of process), and such agent was available in this state for service during all times involved herein, can it avail itself of the North Dakota statute of limitations, notwithstanding the fact that it had not complied with the requirements of the North Dakota statutes for a foreign corporation to transact business in this state?

The North Dakota statutes do not provide, as a penalty for failure of a foreign corporation to comply with such requirements, that such foreign corporation may not plead as a defense in an action against it, the North Dakota statute of limitations; forfeiture of the right to plead the statute of limitations was not imposed.

Courts in a few jurisdictions hold that a foreign corporation is incapable of being present in a state other than that under whose laws it exists, and hence, under all circumstances, a foreign corporation is absent from all other states than that of its domicile. Consequently, these courts hold that a foreign corporation comes within that provision of the statute of limitations which excepts absentees from its operation, and, accordingly, a foreign corporation cannot plead or

**904**

have the benefit of the statute of limitations. No decision by the North Dakota Supreme Court can be so construed.

"A foreign corporation which has complied with the laws of this state governing such corporations, and which has been regularly and continuously doing business in this state during the entire period required to bar an action, and during all that time has had an agent resident here upon whom process could be served, can avail itself of the statute of limitations of this state." Colonial & United States Mortgage Co., v. Northwest Thresher Co., 14 N.D. 147, 103 N.W. 915, 70 L.R.A. 814.

"The test of the running of the statute should be the liability of the party invoking its bar to the service of the process during the whole of the period prescribed." Title Guaranty & Surety Co. v. McAllister, 130 Ohio St. 537, 200 N.E. 831, 835.

■■■ The general rule is that the mere failure of a foreign corporation to comply with the statutory requirement imposed as a condition of doing business does not preclude it when sued from pleading the statute of limitations when such statute would otherwise be a defense. 12 R.C.L. Sec. 71, p. 94. Also, by the great weight of authority, a foreign corporation can plead the statute of limitations, if it has placed itself in such a position that it can be served with process. City of St. Paul v. Chicago, M. & St. P. Ry. Co., 45 Minn. 387, 48 N.W. 17, 21; Colonial & United States Mortgage Co. v. Northwest Thresher Co., supra. In connection with the qualification "if it has placed itself in such a position that it can be served with process", following the general rule above stated, there appears to be no question but that service on the agent designated under the Federal Motor Carrier Act by the defendant in this action would have been valid service in this case—in fact, all parties concede this to be true. See, Busby v. Shafer, S.D., 66 N.W.2d 910; Pomeroy v. National City Co., 209 Minn. 155, 296 N.W 513, 133 A.L.R. 766; Davies v. Mahanes, 4 Cir., 183 F.2d 671; Sansbury v. Schwartz, D.C., 41 F.Supp. 302.

The record establishes as a fact that the act complained of, and resulting in this cause of action, was committed in connection with defendant's interstate motor carriage services. See: Madden v. Truckaway Corporation, D.C., 46 F. Supp. 702.

■■ With respect to matters growing out of such business, it has all the ordinary rights of litigants, including the right to rely upon the statute of limitations, that right not having been denied by law. Taylor v. Navigazione Libera Triestina, 9 Cir., 95 F.2d 907; Simmons v. Birge Co., Inc., D.C., 52 F.Supp. 629.

For the reasons hereinbefore stated, defendant's motion for summary judgment will be granted.

It will be so ordered.