George **DEDMON**, Appellant,

v.

**FALLS PRODUCTS INCORPORATED**
et al., Appellees.

No. 19039.

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1962.

Rehearing Denied March 15, 1962.

Jerry O. Lorant, Birmingham, Ala., for appellant.

Marvin Williams, Jr., Birmingham, Ala., for appellees.

Before RIVES and WISDOM, Circuit Judges, and JOHNSON, District Judge.

WISDOM, Circuit Judge.

The principal question this case presents is whether corporate defendants amenable to service of process are absent from the state within the meaning of an Alabama statute tolling the statute of limitations during the absence of a defendant.

George Dedmon was standing in his son's yard in Bessemer, Alabama, June 26, 1958, when he was struck by the broken blade of a rotary power lawn mower. The metal hurtled sixty feet through the air, struck his left hand, and nearly amputated it. The lawn mower, which Dedmon's neighbor had purchased from a local merchant in Bessemer, bore the trade name, "Genoa Mower Company, Genoa, Illinois". Dedmon's attorneys wrote the Alabama Secretary of State for information concerning the Genoa Mower Company. The Secretary of State informed the attorneys that Genoa Mower Company had not designated an agent for service of process and that his office records relating to foreign corporations disclosed no corporation known as Genoa Mower Company. As a result of further investigation, the attorneys learned that the company, an Illinois corporation, had changed its name to Sycamore Manufacturing Company. A second letter to the Alabama Secretary of State brought out the information that neither Genoa Mower nor Sycamore had qualified to do business in Alabama. The attorneys concluded that Genoa Mower had consummated its contracts outside of the state, that service of process could not be had on Sycamore, and advised Dedmon, late in 1959, that there was nothing more they could do.

Dedmon retained new counsel. Their investigation disclosed that the mower was manufactured by Falls Products, Inc., an Illinois corporation, and distributed by Genoa and Sycamore. Falls

also had not registered to do business in Alabama or designated an agent for service of process in Alabama.

Dedmon filed suit in the state court March 2, 1960, naming Falls, Genoa Mower, and Sycamore as defendants. The complaint alleges that the plaintiff's injury resulted from the defendants' negligent manufacture or assembly of the mower causing the damage. The case was removed to the federal court March 21, 1960. The day the complaint was filed the plaintiff attempted to secure personal service on the defendants by serving Mr. and Mrs. M. O. Cunny, then in Birmingham, as agents, officers, and directors of the corporation. On the defendants' motion, the district judge quashed the service on the ground that Mr. and Mrs. Cunny were immune to personal service: Mr. Cunny was in Alabama to testify as a witness in an unrelated case, and Mrs. Cunny was with him for purely social reason.

After the district court quashed service, the plaintiff amended his complaint and, in October 1960, secured service upon each of the defendants, as authorized by the substituted service statutes of Alabama. Sections 192 to 194, Title 10, of the Alabama Code require any corporation not organized in Alabama but doing business in the state to file a copy of its charter with the Secretary of State, designate an authorized agent within the state, and pay a ten dollar fee. The statute provides a thousand dollar fine for failure to comply with these provisions. Sections 193 and 199(1) of Title 7 of the Alabama Code provide that any nonresident who does business within the state without appointing an authorized agent shall be deemed to have appointed the Secretary of State an agent to receive service of process in any suit arising out of the business. The Secretary of State is directed to notify any nonresident when service is made upon him under the statute.

The defendants moved for dismissal of the action or, in the alternative, for a summary judgment. The motion was based on the contention that the plaintiff's pleadings showed affirmatively that the Alabama one-year statute of limitations for personal injury actions had run before the plaintiff filed suit. In answer, the plaintiff contends first, that the statute was tolled during the defendants' "absence" from the state; that under the savings statute, Title 7, § 34, Code of Alabama, a corporation is absent from the state when it has no known place of business, has failed to designate agents, and has failed to comply with the statute for doing business in Alabama. Second, the plaintiff argues that the defendants are estopped to plead the statute of limitations, because of their motions to quash filed in March 1960. The district court held for the defendants. We affirm.

I.

Title 7, § 26 of the Alabama Code provides a one-year prescriptive period for personal injury actions. Title 7, § 34 provides. *"Time of absence from state deducted.*—When any person is absent from the state during the period within which a suit might have been brought against him, the time of such absence must not be computed as a portion of the time necessary to create a bar under this chapter." The appellant argues that the plain meaning of this savings clause is that the statute of limitations does not run in favor of an absent defendant. This construction puts the appellant in the anomalous position of asserting that the defendants were constructively present, for purposes of being sued, but were not present, for purposes of the statute of limitations. The construction seems to ignore the purpose of the savings clause —to protect a claimant unable to obtain service of process, because of the defendants' absence.

Several early Alabama cases have emphasized that personal presence within the state is required for operation of the statute of limitations. Huss v. Central Railroad and Banking Co., 1880, 66 Ala. 472, 473, Wright v. Strauss, Inc., 1882, 73 Ala. 227. But in the most recent case on the subject, Peters v. Tuell Dairy Co., 1948, 250 Ala. 600, 601, 35 So.2d 344, 345,

the Alabama Supreme Court held squarely that a nonresident's constructive presence in the state under a statutory method of substituted service of process on a nonresident motorist is sufficient to prevent the operation of Section 34. The court cited the Huss case and quoted with the approval Chief Justice Brickell's language:

> "The true test of the running of the statute of limitations is the liability of the party invoking its bar to the service of process during the whole of the period prescribed. If there is the continuous liability, the residence or domicile of the party is immaterial."

Mr. Justice Stakely, author of the Peters opinion, pointed out that a statute must be construed with reference to "its subject matter and the object to be accomplished by the act in its relation to other statutes"; if Section 34, Title 7 were applied to an action against an absent nonresident the legislature would be giving the plaintiffs a much more extended right than is given to plaintiffs in other actions. The Court ruled:

> "It is obvious that at all times from the date of the accident service could be secured on the defendants under the provisions of § 199, Title 7, Code of 1940. See Ray v. Richardson, Ala.Sup., [250 Ala. 705] 36 So. 2d 89; Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 73 [72] L.Ed. 446, 57 A.L.R. 1230. Accordingly nonresidence of the defendants in no way prevented suit against or service upon them. So the reason which lies back of § 34, Title 7, Code of 1940, does not here apply. This statute is designed to protect the plaintiff in those cases where it is not practicable for him to enforce his rights because of the absence of the defendant from the state." 35 So.2d 344, 345.

Peters v. Tuell Dairy eliminates any doubt that actual or personal presence in the state is necessary. Whenever it is practicable to obtain service of process upon a defendant within the state, Section 34 will not apply. This decision is in accord with decisions in other jurisdictions.[1]

The difference between Sections 193 and 199(1) providing for services on nonresidents doing business within the state and Section 199 providing for service on nonresident motorists is not enough to prevent application of the rule laid down in the Peters decision to the instant case. The appellant asserts that under Sections 193 and 199(1) it is necessary to show that the defendant was doing business within the state and that in a subsequent enforcement suit the jurisdictional basis of a suit under Sections 193 and 199(1) is subject to attack. But since in most cases it will be readily apparent whether the defendant has done any business in a state pertinent to the plaintiff's cause of action, this requirement is hardly any greater burden than the need under Section 199 to show that the nonresident motorist was driving in the state. And when a plaintiff has been able to satisfy an Alabama court that the defendant had done sufficient business in the state to be subject to nonresident service of process, he will probably be able to cross the same hurdle a second time if the defendant contends in a foreign enforcement suit that the Alabama court lacked jurisdiction. The plaintiff here simply failed to utilize the statutory method of serving process during the first year after the accident; but his failure to pursue relief does not indicate that obstacles blocked his path, any more than it would under the nonresident motorist statute. When he finally set out to seek service under the statute, it does not appear that he encountered any difficulty in obtaining it. Once the defendants did

1. Taylor v. Navigazione Libera Triestina, 9 Cir., 1938, 95 F.2d 907; Scorza v. Deatherage, 8 Cir., 1954, 208 F.2d 630; Loope v. Greyhound Lines, 1952, 114 Cal. App.2d 611, 250 P.2d 651; Walker v. L. E. Meyers Const. Co., S.Ct.Okl., 175 Okl. 548, 53 P.2d 547; Smith v. Finance Co., S.Ct.N.C., 1934, 207 N.C. 367; 177 S.E. 183; see 34 Am.Jur., Limitation of Actions, §§ 10, 14, and 221.

business in Alabama they became irrevocably subject to service in any action accruing from such business.

Our conclusion that the special statutory method for service of process on unqualified, nonresident persons doing business in Alabama creates a presence within the state sufficient to prevent Section 34 from tolling the statute of limitations is strongly supported by the language of Section 193. The section states:

"In the event such corporation shall fail to so constitute and appoint the secretary of state its true and lawful attorney, upon whom all such process, pleadings or papers may be served, and no other such agent shall have been so designated by such corporation for such purpose, then such corporation shall be deemed to have consented to the secretary of state being its true and lawful attorney, upon whom all such process, pleadings or papers may be served, *until the statutes of limitations shall have run against the bringing of the action against said corporation * *.*"

This language points unequivocally to the legislature's understanding that the statute of limitations would run on actions that might be brought by service of process under the statute. There is no other interpretation than that Section 34 was not expected to apply in such cases.

## II.

■ It is argued that a corporation failing to comply with the state's requirements for doing business in the state should not be entitled to take advantage of the provisions allowing service of process on it. Weishaar v. Butters Pump and Equipment Co., 1939, 149 Kan. 842, 89 P.2d 864, 122 A.L.R. 1190. Such a result does not jibe with the statutory policies governing the limitation of actions, since the nonresident corporation subject to service under a special statutory provision is not "absent" from the state within the meaning of the savings clause. This argument therefore rests solely on the ground of penalizing the non-complying corporation. But there is no basis for implying such a penalty in the statute requiring registration to do business in the state; the law expressly provides for a fine as its sanction and does not provide for additional sanctions. Moreover, the penalty urged by the plaintiff seems inappropriate for promoting compliance with the registration statute. It would operate haphazardly, both as to which violators it would strike and as to how hard it would hit them; and it would in effect give a few lucky plaintiffs a windfall benefit, whereas the violator's offense is not against them but against the state. "The general rule is that the mere failure of a foreign corporation to comply with the statutory requirement imposed as a condition of doing business does not preclude it when sued from pleading the statute of limitations when such statute would otherwise be a defense." Workmen's Compensation Bureau v. H. F. Johnson Co., D.C.N.D., 1955, 135 F.Supp. 901, 904. We hold that the defendants' failure to comply with the filing requirements does not stop it from relying on the statute of limitations in this case.

## III.

■ The plaintiff's last-ditch argument is that the defendants are estopped to plead the statute of limitations. The record does not indicate any special circumstances creating an estoppel. The plaintiff however argues that he was diligent in pressing his claim and that the failure of the defendants to file with the secretary of state prevented him from bringing suit. The defendants are not shown to have made any misrepresentation on which the plaintiff relied to his detriment. There is nothing more to show estoppel in this case than there would be in any other suit under the special service statute.

■ When the defendants filed their motion to quash, the purported service to which it was directed was not under Sections 193 and 199(1), which allow substituted service. According to the record and findings of the district judge,

178

the motion was based on the plaintiff's attempt to get personal service upon officers and directors of the defendant companies who were not in Alabama on business of the companies. The defendants did not contend that the attempted service was invalid because they were not in business in Alabama at the time of the accident or for a year thereafter, within the meaning of the substituted service statute, Sections 193 and 199(1). Their reference to not doing business in Alabama related to March 2, 1960, the date of substituted service—nine months after expiration of the one year prescriptive period.

■ It is of course unfortunate for the plaintiff to be barred from enforcing what may be a meritorious claim, but that is always the consequence when a statute of limitations applies. It is a statute of repose, designed to compel suit within a reasonable time in the interest of society, serving to prevent perjuries, frauds, and mistakes. Its purpose is to force a litigant to get moving, and to get moving fast—to pursue every avenue of relief promptly, while the evidence is fresh and the witnesses available. Here, the service that was good in March 1960 would have been equally good at any time within the year following the accident.

As stated in Huss v. Central Railroad and Banking Company, 66 Ala. 472: "The true test of the running of the statute of limitations is the liability of the party invoking its bar to the service of process during the whole of the period prescribed. If there is the continuous liability, the residence or domicile of the party is immaterial."

■ In short, for a foreign corporation to be absent, within the meaning of the savings statute, it must be out of the state in the sense that it could not be served with process during the time the statute is alleged to have run.

The judgment is affirmed.

RIVES, Circuit Judge (dissenting).

If Title 7, Section 34, 1940 Code of Alabama were construed and applied literally, this action would not be barred by the one-year statute of limitations for personal injury actions prescribed by Title 7, Section 26. The early Alabama cases applied the statute exactly as written. For example, in Wright v. Strauss, Inc., 73 Ala. 227, it was said:

"The saving of the statute is confined in its terms to the personal absence from the State of the party sued or liable to suit. Code of 1876, § 3234. In this respect it differs from the statutes of some of the other States, the savings of which do not extend to parties absent, yet having property within the State. The existence of property in the State, which may be reached by attachment, or by other extraordinary process, or the existence of statutes authorizing the commencement of suit by constructive notice, cannot enlarge the statutory exception. The savings or exceptions of the statute cannot be enlarged or narrowed by implication or intendment. Harwell v. Steel, 17 Ala. 372. Nonresidents of the State have been subject to suit in equity by publication for a long period. It has never been supposed that when sued, they would invoke the bar of the statute of limitations, as if they were and had been resident citizens of the State, claiming exemption from the saving of the statute because of residence without the State."

To like effect is Wright v. Preston, 55 Ala. 570, 576, and Willis v. Rice, Ala., 1905, 39 So. 991.

A different result in the present case is not required by the late decision of Peters v. Tuell Dairy Co., et al., 1948, 250 Ala. 600, 35 So.2d 344. In that case service was had under Title 7, Section 199, which provides for service on a nonresident operator or owner of a motor vehicle in an action growing out of its operation on the public highways of this State. There the defendant's absence from the State did not substantially impede or render more difficult the service

of process. The Supreme Court of Alabama said:

"It is obvious that at all times from the date of the accident service could be secured on the defendants under the provisions of § 199, Title 7, Code of 1940. See Ray v. Richardson, Ala.Sup., [250 Ala. 705] 36 So. 2d 89; Wuchter v. Pizzutti, 276 U. S. 13, 48 S.Ct. 259, 73 [72] L.Ed. 446, 57 A.L.R. 1230. Accordingly nonresidence of the defendants in no way prevented suit against or service upon them. So the reason which lies back of § 34, Title 7, Code of 1940, does not here apply. *This statute is designed to protect the plaintiff in those cases where it is not practicable for him to enforce his rights because of the absence of the defendant from the state.*" (Emphasis supplied.) (35 So.2d at 345.)

Later in the opinion the Court said:

"It is a sound rule of statutory construction that a statute is to be taken in reference to its subject matter and the object to be accomplished by the act in its relation to other statutes." (35 So.2d at 345.)

Under the facts of the present case, the absence of the appellee from the State of Alabama probably did impede and render more difficult the service of process. In determining whether Title 7, Section 34 of the 1940 Code of Alabama has any field of operation, it seems to me that the Supreme Court of Alabama has left open a realistic test which would carry out the purpose of the statute; viz., that the defendant's absence from the State tolls the running of the statute of limitations unless the defendant is as clearly subject to constructive service as it would have been to direct service if it had been present in the State. Otherwise stated, to render the statute inapplicable, it must appear that the defendant's absence from the State did not aid it to escape service of process. Compare Denver-Chicago Trucking Co. v. Lindeman, N.D.Iowa, 1947, 73 F.Supp. 925, 931. If that test were applied in this case, it seems to me that the plaintiff's action would not be barred by the one-year statute of limitations. I therefore respectfully dissent.